**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 1:25-cr-257-1 |
| JAMES LAEL JENSEN (1) | § | |

**DEFENDANT JAMES LAEL JENSEN'S ADVISORY TO THE COURT AND OPPOSED MOTION TO AUTHORIZE DEPOSITION**

TO THE HONORABLE COURT:

Defendant James Lael Jensen ("**James Jensen**") files this Advisory to the Court and Opposed Motion to Authorize Deposition and would respectfully show:

## I.     RELEVANT BACKGROUND

1.     On July 2, 2025, the Court held a teleconference with counsel for James Jensen and counsel for the Government. *See* July 2, 2025 Minute Entry.

2.     The purpose of the teleconference was to address a Bond Revocation Hearing that was set for July 16, 2025. The Government had alleged that James Jensen violated a condition of release by e-mailing his bookkeeper, Ms. Gloria Moreno, in an attempt to ensure tax returns were timely prepared and filed.

3.     One of the agreed conditions of release was that James Jensen would "avoid all contact, directly or indirectly, with any person who is or may be an alleged victim, potential witness and/or co-defendant in the investigation or prosecution. **List of persons to be provided to the defendant by the Government**." *See* ECF No. 25 at p. 34, Section C of the Additional Conditions of Release (emphasis added).

4. At the time of the email communication at issue between Mr. Jensen and Ms. Moreno, the Government had neither provided the Defense with the "list of persons" as required under the Amended Conditions of Release nor informed the Defense that Ms. Moreno was a witness or otherwise prohibited person.

5. On July 1, 2025, James Jensen filed an Advisory to the Court Regarding Bond Revocation Hearing explaining in detail what happened and requesting that the Court "order the Government to provide the "List of Persons" contemplated by the Additional Conditions of Release so that there can be no uncertainty in the future." *See* ECF No. 107.

6. During the July 2, 2025 teleconference, after reviewing James Jensen's Advisory to the Court Regarding Bond Revocation Hearing and with agreement from all parties, the Court terminated the scheduled bond revocation hearing. *See* July 2, 2025 Minute Entry. The Court also ordered the Government to provide the "List of Persons" so that similar situations could be avoided in the future.

7. Meanwhile, as to Ms. Moreno, Co-Defendant Maxwell Sterling Jensen ("**Max Jensen**") filed a Motion to Compel and/or Motion to Clarify to allow Max Jensen to confer directly with Ms. Moreno for purposes of preparing his 2024 tax returns. *See* ECF No. 106. James Jensen joined in that motion. ECF No. 108.

8. The Court Ordered the Government to respond to the Motion to Compel and/or Motion to Clarify by August 1, 2025. *See* ECF No. 110.

9. Finally, on July 30, 2025, over three months after the Defendants were indicted, the Government provided the Defense with a draft list of witnesses. Ms. Moreno is one of 46 witnesses included on the list.

10. On July 31, 2025, the Government filed its response to the Motion to Compel and/or Motion to Clarify. *See* ECF No. 115. In the Government's response, the Government asserts that Ms. Moreno "does not perform accounting services for the Defendants and has [no] further information or reason to meet with the Defendants regarding any tax related services." *Id.* at p. 3.

11. There is clearly a material fact dispute concerning Ms. Moreno's role and the necessity for the Jensens to directly interact with her for tax purposes. During the July 2, 2025 teleconference, the Court advised the Defense and the Government that if either party wished to conduct a deposition of Ms. Moreno to gain clarity on her role as bookkeeper (for purposes of including her in the "List of Persons" or to assess any alleged impact from receiving the e-mail from Mr. Jensen), that such party should notify the Court so that such deposition could be ordered.

12. The Court's suggestion for a deposition was a prudent one that would give all parties and the Court relevant information that would assist in resolving the pending disputes. Defendant James Jensen hereby advises the Court that he wishes to conduct a deposition of Ms. Moreno.

13. Counsel for James Jensen has conferred with the AUSA-in-Charge, Mr. James Sturgis, but the Government now opposes conducting a deposition of Ms. Moreno.

14. James Jensen therefore respectfully requests that the Court authorize the parties to conduct a videotaped deposition of Ms. Moreno on a mutually convenient date.

## **PRAYER**

For the reasons stated herein, Defendant James Lael Jensen respectfully requests that the Court consider this Advisory and Opposed Motion to Authorize Deposition.

DATED: August 4, 2025.

Respectfully submitted,

By: */s/ Jason M. Davis*
Jason M. Davis
**Attorney-in-Charge**
State Bar No. 00793592
Southern District ID No. 20114
E-mail: jdavis@dslawpc.com
H. Jay Hulings
State Bar No. 2404573
Southern District ID No. 3472684
E-mail: jhulings@dslawpc.com
**DAVIS & SANTOS, PLLC**
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorney for Defendant***
***James Lael Jensen***

### CERTIFICATE OF CONFERENCE

I certify that on the 16th, 17th, and 23rd day of July 2025, I conferred with the AUSA in charge, Mr. James Sturgis, and he stated the Government may be open to meeting with Ms. Moreno but has not agreed to conducting a deposition of Ms. Moreno.

*/s/ Jason M. Davis*
Jason M. Davis

### CERTIFICATE OF SERVICE

I certify that on the 4th day of August 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ Jason M. Davis*
Jason M. Davis