UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NUMBER 1:25-CR-00257 |
| § | |
| (1) JAMES LAEL JENSEN § | |
| (2) MAXWELL STERLING JENSEN § | |

## OPPOSED MOTION FOR INTERLOCUTORY SALE

The United States of America, through the United States Attorney for the Southern District of Texas, and the undersigned Assistant United States Attorney, moves the Court for an Order directing the Interlocutory Sale of the following four tank barges specified below:

1. Tank Barge with vessel name of "AT 3001" and hull number 1083431;
2. Tank Barge with vessel name of "AT 2001" and hull number 1029676;
3. Tank Barge with vessel name of "AT 1001" and hull number 1094955; and
4. Tank Barge with vessel name of "AT 4001"

 (collectively referred to as the "Subject Property")

In support of this motion, the United States shows the following:

### BACKGROUND AND PROCEDURAL HISTORY

On May 22, 2025, a Superseding Indictment was returned by the Grand Jury in the United States District Court, Southern District of Texas, Brownsville Division, charging the Defendants with: Count 1 – concealment based money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (h); Count 2 – Aiding and Abetting Smuggling of Goods into the United States, in violation of Title 18, United States Code, Sections 545 and 2; Count 3 – Aiding and Abetting Entry of Goods by Means of False Statements, in violation of Title 18, United States Code, Sections 542 and 2; Count 4 – Engaging in a Monetary Transaction with Criminally Derived Funds, in violation of Title 18, United States Code, Section 1957; and Count 5 – Conspiring to Provide Material Support or Resources to a Designated Foreign Terrorist Organization, in violation of Title 18, United States Code, Section 2339B. (DE 82).

The Superseding Indictment also placed the Defendants on notice that the Government would seek to forfeit certain property, including the Subject Property. The Government believes that the Subject Property is subject to forfeiture because: (1) they were purchased with proceeds obtained from the violation of §§ 545 and 542; and (2) were used to facilitate the importation, bringing in, unlading, landing, removal, harboring, or subsequent transportation of articles introduced into the United States contrary to law.

## INTERLOCUTORY SALE

The Government now seeks an Interlocutory Sale Order for the Subject Property. The Interlocutory Sale Order would minimize the risk of loss and further expenses associated with storing the Subject Property and maximize the proceeds from the sale of the Subject Property.

## STATUTORY AUTHORITY

The authority for an interlocutory sale derives from several sources, to include Title 21 U.S.C. § 853(e)(1)(A), Fed. R. Crim. P. 32.2(b)(7), and Rule G(7)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.   In pertinent part, these provisions provide:

I. Title 21 U.S.C. § 853(e)(1)(A), Protective orders

   (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section--

   (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

II. Fed. R. Crim. P. 32.2(b)(7), Interlocutory Sale.

   At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable.

III. Rule G(7)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Interlocutory Sale or Delivery.

(1) Order to Sell. On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:

(A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;

(B) the expense of keeping the property is excessive or is disproportionate to its fair market value;

(C) the property is subject to a mortgage or to taxes on which the owner is in default; or

(D) the court finds other good cause.

## ANALYSIS

In this case, the Government has seized the Subject Property, which are four tank barges that have been used to transport tens of thousands of barrels of crude oil. Based on the following, the Government believes that there is good cause to support the interlocutory sale. First, crude oil is a hazardous material if not treated correctly, which means that the Subject Property may have crude oil residue that could present environmental hazard concerns if not properly handled. Second, there are substantial liens on the Subject Property, as the Defendants were in the process of making installment payments to fully acquire the Subject Property when they were seized.[1] The Defendants are in default. Finally, the expense of maintaining and storing the Subject Property will greatly diminish their equity.[2] The Government believes that the timely sale of the Subject Property would yield proceeds (minus expenses) that may be applied in the following order: (1) to the sale, maintenance, and storage costs of the Subject Property; (2) to the outstanding liens on the Subject Property; and (3) toward any forfeiture ordered against the Defendants at sentencing, or, should the Defendants be acquitted, returned to the Defendants. Therefore, to maintain the equity in the Subject Property, the Government moves the Court for an Interlocutory Sale Order.

## SUBJECT SALE

---

[1] Barges AT 2001 and AT 3001 have a combined remaining principal and accrued interest balance of $2,744,763.35 due to MC Marine. The last payment made on the note was April 1, 2025.

[2] The approximate cost for storing each tank barge is over $10,000 per month.

The purpose of the instant agreed motion is to protect and preserve the equity of the Subject Property for criminal forfeiture. In accordance with the U.S. Treasury Executive Office for Asset Forfeiture Directive 27, Department of Homeland Security ("DHS"), through U.S. Customs and Border Protection and with the concurrence of Homeland Security Investigations, will handle the interlocutory sale of the Subject Property.

Therefore, the United States moves the Court for the entry of an Interlocutory Sale Order as to the Subject Property. The United States asks that the Order include the following:

1) To allow DHS and/or its designated representatives to prepare and sign any and all documents relating to the sale and transfer of ownership of Subject Property;

2) To allow DHS and/or its designated representatives to continue to provide the necessary storage and other services dictated by industry practices to prepare Subject Property for sale;

3) To allow DHS and/or its designated representatives to sell Subject Property according to industry practices;

4) To allow DHS and/or its designated representatives to set a minimum bid for the Subject Property. DHS and/or its designated representatives reserve the right to reject any bid that does not cover the related expenses, specifically including the outstanding liens due to MC Marine.

5) To allow DHS and/or its designated representatives to incur certain costs and to permit them to deduct from the gross proceeds of the sale of Subject Property any reasonable and necessary costs incurred to maintain the well-being of Subject Property and effectuate the sale according to industry practices;

6) To allow DHS and/or its designated representatives to transport Subject Property to prepare Subject Property for sale;

7) To require DHS and/or its designated representatives to keep a complete accounting of any and all expenses they incur while transporting, and providing any type of care

necessary for Subject Property, to include expenses incurred as a result of preparing Subject Property for sale;

8) To require DHS and/or its designated representatives to keep a complete accounting of the price paid for Subject Property; and

9) To require DHS and/or its designated representatives, after the payment of verifiable costs, to store the net proceeds of the sale of Subject Property in an interest-bearing Suspense Account maintained by the United States Treasury Executive Office for Asset Forfeiture. The net proceeds shall constitute the substitute *res* subject to forfeiture in lieu of the Subject Property.

10) The proceeds from the sale of all four barges may be used to pay the following costs, in the following order of priority: (1) to the sale, maintenance, and storage costs of the Subject Property; (2) to the outstanding liens on the Subject Property; and (3) toward any forfeiture ordered against the Defendants at sentencing, or, should the Defendants be acquitted, returned to the Defendants.

## CONCLUSION

The United States moves the Court for an Interlocutory Sale Order, ordering DHS, and/or its designated representative, to sell the Subject Property according to industry practices and maintain the net proceeds from the sale in an interest-bearing Suspense Account until further order of the Court.

Respectfully submitted,

NICHOLAS J. GANJEI
UNITED STATES ATTORNEY

By:     *s/ Tyler Foster*
TYLER FOSTER
Assistant United States Attorney
Southern District of Texas No: 3802443
Oklahoma: 34839
800 N. Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
Tel. (361) 888-3111   Fax (361) 888-3200
Email: tyler.foster2@usdoj.gov

## CERTIFICATE OF CONFERENCE

AUSAs Tyler Foster and Mary Ellen Smyth consulted with counsel for the Defendants. Counsel for the Defendants have not indicated their position as to this motion, so they have been listed as opposed.

By:   s/ Tyler Foster
      TYLER FOSTER
      Assistant United States Attorney

## CERTIFICATE OF SERVICE

A true and correct copy of this pleading was served on counsel of record via electronic filing.

By:   s/ Tyler Foster
      TYLER FOSTER
      Assistant United States Attorney