**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 1:25-cr-257** |
| | § | |
| **JAMES LAEL JENSEN** | § | |
| **MAXWELL STERLING JENSEN** | § | |
| **a/k/a "Max"** | § | |

# DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCLOSURE OF INTERCEPTED COMMUNICATIONS

TO THE HONORABLE COURT:

Defendants James Lael Jensen and Maxwell Sterling Jensen (jointly, "**Defendants**") file this Reply in Support of Motion to Compel Disclosure of Intercepted Communications, and would respectfully show the Court as follows:

## I. THE GOVERNMENT'S RESPONSE IS INADEQUATE

As the Defendants detailed in their Motion to Compel Disclosure of Intercepted Communications (the "**Motion**"), the Government is pursuing a novel criminal case against Defendants. Apparently for the first time, the Government has charged a defendant with providing material support to drug trafficking organization (the "**CJNG**"), newly christened as a "foreign terrorist organization" by the Government. The Government has chosen to experiment with its national security powers ***not*** in a case against the obvious perpetrators of cartel violence, such as a plaza boss or sicario. Rather, the Government has chosen to charge two end-purchasers of a commercial product with a long supply chain, involving dozens of brokers, drivers, engineers, clerks, and other professionals in Mexico and the United States. The Government's novel charges in this case raises a host of novel legal issues for the Court, including those related to the Government's discovery obligations.

The Government does not contest that it must review all materials available to any member of its prosecution team for material that may be discoverable under *Brady*, *Giglio*, and other discovery obligations. *See Giglio v. United States*, 405 U.S. 150, 154-55 (1972); *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The prosecution team generally includes the prosecutors handling the case, along with any agents or officers working on the case on the Government's behalf. *See Avila v. Quarterman*, 560 F.3d 299, 308 (5th Cir. 2005). Courts deem prosecutors to have constructive knowledge of information that is "readily available" to members of the prosecution team. *See Williams v. Whitley*, 940 F.2d 132, 133 (5th Cir. 1991). That information includes material that may have been gathered through an investigation other than the investigation that led to the criminal charges in a specific case, including materials acquired through search warrants, Title III wiretaps, and other means in other cases. *See* Motion at 7-8 (collecting cases).

As detailed in the Motion, the prosecution team is vast, including prosecutors and agents from FBI, DEA, DHS, and other agencies. *See* Motion at 8. The material that must be searched pursuant to the Government's *Brady/Giglio* obligations is also expansive, including all documents, recordings, and other materials acquired from witnesses, search warrants, and Title III wiretaps involving Defendants, the Government's informants, or the CJNG or any of its members allegedly involved in the supply chain for the oil purchased by Defendants. *See id.* at 8-10. That search must also include any materials gathered by FISA or FISA 702 collection, to the extent that any agent or supervisor of the FBI (or other agency) who participated in the investigation of this case had access to such materials. *See id.* at 10-16. Any reference to Defendants in such materials may be exculpatory or otherwise discoverable. Moreover, the absence of any reference to the Defendants in the communications of cartel members or others with whom the Defendants allegedly conspired could itself be exculpatory.

The Government, however, appears determined to bury its head in the sand. In the Government's Response to Defendants' Motion to Compel Disclosure of Intercepted Communications (the "**Response**"),[1] the Government musters only a few sentences regarding its discovery obligations—saying that the Government has "complied" with Defendants' "requests" and that the "current investigation did not utilize Title III electronic surveillance." That response entirely misses the point. Whether the Government used a Title III wiretap in the investigation of ***this case*** is irrelevant. The Government has an obligation to search the evidence gathered in ***any case*** that is available to prosecution team for material that might include exculpatory or otherwise discoverable evidence in this case.

The Government's Response is thus entirely insufficient. The Response does not dispute the description of the Government's discovery obligations described in the Motion. But its few sentences do not acknowledge the obligation to search for materials gathered from other cases, does not explain what materials the Government searched, whether that search included any FISA material, and whether any discoverable information was identified. To the contrary, the Response's statement that "[t]he current investigation did not utilize Title III electronic surveillance" indicates that the Government limited its search to documents gathered in this specific case, which would not comply with the Government's obligations under *Brady*, *Giglio*, and other authorities. The Government may not shrug off its discovery obligations or disguise its failure to search for documents in a bare-bones response.

Given the inadequacy of the Response, Defendants request the Court conduct a hearing on the Motion and ask the Government to detail the materials its searched, the scope of their

---

[1] The Government filed its Response under seal. But the response includes no sensitive information that could justify withholding the Response from the public. Defendants therefore request that the Response be unsealed.

prosecution team, the materials available to the members of the prosecution team, and other issues relevant to the Government's compliance with its discovery obligations—if necessary, in camera and in a manner consistent with the requirements of the Classified Information Procedures Act. In addition, if the Government has not conducted the search required by its discovery obligations, the Defendants request that the Court order the Government to conduct such a search and produce any discoverable materials to Defendants.

## II. CONCLUSION

For the reasons stated above and in the Motion, Defendants request that the Court conduct the hearing as requested above, order the Government to conduct a search of all materials available to the prosecution team for discoverable materials, and to produce any such materials to Defendants or certify that no such documents exist. Defendants further request any and all other relief to which they may be entitled.

DATED: February 5, 2026.

Respectfully submitted,

By: */s/ H. Jay Hulings*
Jason M. Davis
**Attorney-in-Charge**
State Bar No. 00793592
Southern District ID No. 20114
E-mail: jdavis@dslawpc.com
H. Jay Hulings
State Bar No. 24104573
Southern District ID No. 3472684
E-mail: jhulings@dslawpc.com
**DAVIS & SANTOS, PLLC**
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Defendant***
***James Lael Jensen***

By: */s/ Robert Guerra (by permission)*
Robert Guerra
State Bar No. 24036694
Federal ID No. 570991
Email: rguerra@rguerralaw.com
**LAW OFFICE OF ROBERT GUERRA, PLLC**
1201 E. Van Buren St.
Brownsville, Texas 78520
Tel: (956) 254-0694

Benigno (Trey) Martinez
State Bar No.00797011
Federal ID No. 23945
Email: trey@mbmtlawfirm.com
**MARTINEZ/TIJERINA, PLLC**
1201 E. Van Buren
Brownsville, TX 78520
Tel: 956.550.4868
Fax: 956.621.0135

***Attorneys for Defendant***
***Maxwell Sterling Jensen***

## CERTIFICATE OF SERVICE

I certify that on February 5, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ H. Jay Hulings*
H. Jay Hulings