**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 1:25-cr-257** |
| | § | |
| **JAMES LAEL JENSEN** | § | |
| **MAXWELL STERLING JENSEN** | § | |
| **a/k/a "Max"** | § | |

**DEFENDANTS JAMES LAEL JENSEN AND MAXWELL STERLING JENSEN'S REPLY REGARDING MOTION TO SUPPRESS ILLEGAL SEARCHES AND SEIZURES AT ARROYO TERMINALS**

TO THE HONORABLE COURT:

Defendants James Lael Jensen ("**James Jensen**") and Maxwell Sterling Jensen ("**Max Jensen**") (together, the "**Jensens**" or "**Defendants**") file this Reply Regarding Motion to Suppress Illegal Searches and Seizures at Arroyo Terminals and would respectfully show:

As detailed in Defendants' Motion to Suppress Illegal Searches and Seizures at Arroyo Terminals (the "**Motion**"), the Government recruited and appears to have directed an employee of the Defendant's company (Gloria Moreno) to gather and deliver to the Government various of Defendants' private and confidential business records. The Government's direction of—or even its acquiescence to—Moreno's delivery of Defendants' private documents constituted a warrantless search in violation of the Fourth Amendment. *See United States v. Cordova-Espinoza*, 49 F.4th 964, 968 (5th Cir. 2022) ("[The Government] cannot use private individuals as agents to circumvent Fourth Amendment protections.").

In its sealed Response,[1] the Government gives the Court several paragraphs of purported factual background regarding Moreno, her relationship with the agents, and her delivery of Defendants' private business records to the Government. But none of the Government's narrative is supported by reports, declarations, or any other evidence. The narrative is also plainly self-serving and entirely vague (or silent) as the critical details regarding the agents' interaction with Moreno, including her statements regarding her motives in helping the Government and the agents' direction of her activities. *See Heidi Group, Inc. v. Texas Health and Human Services, Comm'n*, 138 F.4th 920, 931-33 (5th Cir. 2025) (identifying factors to consider in determining whether a source acted as a government agent). The Government apparently hopes that the Court will accept "trust us" as a sufficient response and look past the details recounted in the Defendants' Motion.

The Court should not do so. The Motion detailed—often with quotes—Government reports indicating that the source obtained Defendants' private information and gave it to the Government in order to help its investigation. *See* Motion at 3. The reports also indicate that the agents were well aware that Moreno acquired Defendants' private financial, tax, and other records and acquiesced to her delivery of these materials to agents. *See id.* The circumstances of those deliveries—i.e., multiple deliveries of specific types of documents helpful to the Government's investigation—strongly suggest that the Government actively directed Moreno's illicit collection activities. *See id.* This Government involvement in Moreno's acquisition and delivery of private documents makes Moreno an agent of the Government and her searches a violation of the Fourth Amendment. *See Heidi Group*, 138 F.4th at 931-33.

---

[1] The Government did not move to seal its Response and offers no basis for filing the Response under seal. As noted in the Motion, Moreno's involvement in the investigation is well known to Defendants and there is no indication that she is under any sort of threat from the disclosure of her cooperation with the Government. Defendants therefore request that the Response be unsealed.

Indeed, far from rebutting the evidence detailed in Defendants' Motion, the vague and unsupported narrative in the Government's response largely *supports* the Motion. The Government admits that its "agents inquired about the purchasing and selling of oil by Defendants" in its meetings with Moreno. Response at 3. The Government then claims that Moreno told the agents she was in possession of information relevant to those issues, to which the Defendants had given her access as part of her employment. *See id.* Moreno then "agreed to provide that information to the agents and did so ten days later via a USB flash drive." *Id.* Put another way, agents told Moreno the type of documents they needed, Moreno agreed to acquire them for the agents, and then she gave them a flash drive ten days later. This interaction qualifies, at the least, as Government acquiescence in illicit searches by a third party, if not outright direction of an agent's activities. As detailed in the Motion, those actions form the basis of a violation of Defendants' Fourth Amendment rights, certainly under the *Miller* test and potentially under the *Bazan* test. *See* Motion at 5; *United States v. Miller*, 688 F.2d 652 (9th Cir. 1982) (considering whether (1) the government knew or acquiesced in the challenged activity and (2) whether the private party intended to assist law enforcement); *United States v. Bazan*, 807 F.2d 1200 (5th Cir. 1986) (considering similar factors, along with whether the informant was paid by the Government).[2]

The facts identified in the Motion, and conceded in the Government's Response, provide more than enough ground for the Court to order an evidentiary hearing on the Motion. *See United States v. Harrelson*, 705 F.2nd 733, 737 (5th Cir. 1983) (holding that an evidentiary hearing is

[2] As noted in the Motion and the Response, the Fifth Circuit has not yet determined whether to apply the *Miller* test or the *Bazan* test to determine whether a private person acts as a government agent for purposes of the Fourth Amendment. *See Heidi Group*, 138 F.4th at 931. The primary difference between the tests is that the *Bazan* test requires consideration of whether the source received compensation from the Government. *See id.* But even under the *Bazan* test, whether the private party received compensation is "not dispositive" to the Court's analysis. *See id.* at 932.

appropriate "when the defendant alleges sufficient facts which, if proven, would justify relief"). As noted in the Motion, Defendants request such a hearing and that they be permitted to subpoena and call relevant witnesses, including Gloria Moreno.

**PRAYER**

For the reasons stated herein, Defendants James Lael Jensen and Maxwell Sterling Jensen respectfully request that the Court grant this Motion to Suppress.

DATED: April 15, 2026.

Respectfully submitted,

By: */s/ H. Jay Hulings*

Jason M. Davis
**Attorney-in-Charge**
State Bar No. 00793592
Southern District ID No. 20114
E-mail: jdavis@dslawpc.com
H. Jay Hulings
State Bar No. 2404573
Southern District ID No. 3472684
E-mail: jhulings@dslawpc.com
**DAVIS & SANTOS, PLLC**
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys For Defendant James Lael Jensen***

And

By: */s/ Benigno (Trey Martinez)*

Benigno (Trey) Martinez
**Attorney-in-Charge**
State Bar No. 00797011
Federal ID No. 23945
E-mail: trey@mbmtlawfirm.com
**MARTINEZ / TIJERINA, PLLC**
1201 E. Van Buren
Brownsville, Texas 78520
Tel: 956-550-4868
Fax: 956-621-0135

Robert Guerra
Federal ID No. 570991
State Bar No. 24036694
rguerra@rguerralaw.com
**LAW OFFICE OF ROBERT GUERRA, PLLC**
1201 E. Van Buren St.
Brownsville, Texas 78520
Ph. (956) 254-0694

***Attorneys for Defendant Maxwell Sterling Jensen***

## CERTIFICATE OF SERVICE

I certify that on April 15, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ H. Jay Hulings*
H. Jay Hulings