### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 1:25-cr-257** |
| | § | |
| **JAMES LAEL JENSEN** | § | |
| **MAXWELL STERLING JENSEN** | § | |
| **a/k/a "Max"** | § | |

### DEFENDANTS' MOTION TO DISMISS COUNTS TWO, THREE, AND SIX OF THE SECOND SUPERSEDING INDICTMENT

TO THE HONORABLE COURT:

Defendants James Lael Jensen and Maxwell Sterling Jensen (jointly, "**Defendants**") file this Motion to Dismiss Counts Two, Three, and Six of the Second Superseding Indictment, and would respectfully show the Court as follows:

### I.    INTRODUCTION

The Government has now attempted three times to fit a routine, widespread business practice—the purchase of untreated oil from Mexico—into the criminal category of "smuggling." The Government first charged Defendants with conspiracy to launder the proceeds of a Specified Unlawful Activity ("**SUA**"), which it described only as "smuggling goods into the United States." ECF No. 1; ECF No. 85. After Defendants pointed out that "smuggling" could cover a wide range of potential conduct, the Government filed a Bill of Particulars alleging that "smuggling" involved both false statements on customs forms and the importation of stolen goods. *See* ECF No. 146. A few weeks later, the Government changed course again and filed a Second Superseding Indictment asserting three separate counts of money laundering conspiracy, each with a different SUA, along with multiple substantive offenses *See* ECF No. 155.

But the Government's new pleading comes with new problems. Counts One, Two, and Three are multiplicitous, as they attempt to punish the same alleged conspiracy as separate offenses. Two of the substantive counts in the Second Superseding Indictment are similarly multiplicitous, as Count Six either incorporates the offense that is the subject of Count Seven or fails to allege a criminal offense. The Double Jeopardy Clause forbids the Government from prosecuting same conduct in these separate, overlapping counts.

Defendants therefore respectfully request the Court dismiss Counts Two, Three, and Six of the Second Superseding Indictment as multiplicitous.

## II. PROCEDURAL BACKGROUND

On April 22, 2025, a grand jury returned an indictment charging Defendants with four criminal offenses: (1) money laundering conspiracy, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h); (2) aiding and abetting smuggling goods into the United States, in violation of 18 U.S.C. §§ 545 and 2; (3) aiding and abetting the entry of goods by means of false statements, in violation of 18 U.S.C. §§ 542 and 2; (4) and money laundering spending, in violation of 18 U.S.C. § 1957. *See* ECF No. 1. On May 22, 2025, a grand jury returned a Superseding Indictment that repeated the allegations of the original indictment and added as Count Five a charge of conspiracy to provide material support to a designated foreign terrorist organization. *See* ECF No. 82.

Count One of the Superseding Indictment identified the alleged SUA only as "smuggling goods into the United States." *Id.* at 1. On September 12, 2025, Defendants filed a Motion for Bill of Particulars, pointing out that this tersely defined SUA could cover a wide variety of alleged activity. *See* ECF No. 135. In response, on October 3, 2025, the Government filed a Bill of Particulars, alleging that Count One "should state" that Defendants conspired to launder money that was the proceeds of two SUAs: (1) Smuggling Goods into the United States, in violation of

18 U.S.C. § 545; and (2) Transportation of Stolen Goods, in violation of 18 U.S.C. § 2314. ECF No. 146.[1]

On October 28, 2025, the Government changed its pleading again, filing a Second Superseding Indictment. *See* ECF 155. This pleading asserted three separate counts of Money Laundering Conspiracy, each of which is identical except for the alleged SUA: in Count One, Smuggling of Goods into the United States, in violation of 18 U.S.C. § 545; in Count 2, Entry of Goods by Means of False Statement, in violation of 18 U.S.C. § 542; and in Count 3, Transportation of Stolen Goods, in violation of 18 U.S.C. § 2314. *See id.* at 1-3. The Second Superseding Indictment also alleges substantive violations of each SUA in Counts Six (alleging a violation of 18 U.S.C. § 545), Seven (alleging a violation of 18 U.S.C. § 542), and Eight (alleging a violation of 18 U.S.C. § 2314).

### III.    ARGUMENT AND AUTHORITIES

#### A.  Legal Standards

"Multiplicity is the charging of a single offense in several counts. The chief danger raised by a multiplicitous indictment is the possibility that the defendant will receive more than one sentence for a single offense." *United States v. Jones*, 733 F.3d 574, 584 (5th Cir. 2013) (quoting *United States v. Reedy*, 304 F.3d 358, 363 (5th Cir. 2002)).

To determine whether charges in an indictment are multiplicitous, Court apply the test articulated in *Blockburger v. United States*, 284 U.S. 299, 234 (1932). *See Jones*, 733 F.3d at 584. *Blockburger* directs courts to "examine the offenses to ascertain 'whether each provision requires proof of a fact which the other does not.'" *Albernaz v. United States*, 450 U.S. 333, 337-38 (1981)

---

[1] The Government inexplicably filed the Bill of Particulars under seal. As there is no plausible justification for sealing what amounts to a charging document, Defendants request that the Bill of Particulars be unsealed.

(quoting *Blockburger*, 284 U.S. at 234). This analysis focuses on the statutory elements of each offense: "If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Id.*

There does not have to be complete overlap between the elements of the offenses for two counts to be multiplicitous. Two counts in an indictment can be multiplicitous if one is a lesser included offense of the other, taking into account the allegations in the indictment. *See United States v. Ogba*, 526 F.3d 214, 234-35 (5th Cir. 2008) (holding that, as alleged in the indictment, an illegal remunerations charge was a "lesser included offense" of a healthcare fraud charge and thus was multiplicitous). Put another way, if the jury could base its finding of guilt on one charged offense (e.g., health care fraud) solely on its finding of guilt on another offense (e.g., illegal remunerations), the two counts are multiplicitous. *See id.*

To determine whether multiple conspiracy counts are multiplicitous, Courts consider whether the counts allege separate agreements. *See United States v. Goff*, 847 F.2d 149, 166 (5th Cir. 1988) ("For each conspiracy conviction it seeks, the government must prove a corresponding separate agreement."). To do so, Courts evaluate five factors:

> 1) time; 2) persons acting as co-conspirators; 3) the statutory offenses charged in the indictments; 4) the overt acts charged by the government or any other description of the offense charged that indicates the nature and scope of the activity that the government sought to punish in each case; and 5) places where the events alleged as part of the conspiracy took place.

*United States v. Jones*, 733 F.3d 574, 580-81 (5th Cir. 2013) (quoting *United States v. Delgado*, 272 F.3d 264, 273 (5th Cir. 2001)). "No one factor . . . is determinative; rather all five factors must be considered in combination." *Id.* at 581.

**B. Counts One, Two, and Three are Multiplicitous.**

Here, Counts One, Two, and Three of the Second Superseding Indictment are multiplicitous in multiple ways.

1. Counts One, Two, and Three allege the same conspiracy.

By their terms, all three Counts plainly describe the same alleged conspiracy. All three counts allege the same: (1) alleged time period (i.e., January 2018 to April 2025); (2) alleged participants (i.e., the Defendants); (3) statutory offenses (i.e., 18 U.S.C. ¶ 1956(a)(1)(B)(i) and (h)); (4) description of the offense charged and scope of alleged activity (i.e., money laundering); and (5) the location where the events alleged took place (i.e., "in the Southern District of Texas and elsewhere"). *See* ECF No. 155; *Jones*, 733 F.3d at 580-81. Indeed, the three conspiracy counts are entirely *identical*, except for the alleged SUA. *See* ECF No. 155 at 1-3. The difference in SUAs does not result in a material difference between these three counts.

Section 1956(h) requires proof that the defendant conspired to launder money derived from *an* SUA; it does not require that Government prove *which* SUA was the source of the funds. *See United States v. Shah*, 95 F.4th 328, 360 (5th Cir. 2024) ("Conspiracy to commit money laundering does not require that the defendant knew exactly what 'unlawful activity' generated the proceeds." (citation omitted)). Similarly, alleged conspirators do not need to agree on which SUA generated the illicit funds, only that the funds were the product of some unlawful activity. *See id.; United States v. Aguilar*, 742 F.Supp.3d 322, 344-45 (E.D.N.Y. 2024) (holding that a jury need not agree on which SUA generated the funds to sustain conviction for money laundering conspiracy). Thus, identifying different SUAs in different conspiracy counts does not materially alter the "offense charged," making each of these three counts substantively identical. *See Jones*, 733 F.3d at 580-81; *see also United States v. Stavroulakis*, 952 F.2d 686, 691-92 (2d Cir. 1992) (holding that proof

of which SUA was the source of illicit funds is not an essential element of a money laundering conspiracy charge).[2]

Moreover, nothing in the Second Superseding Indictment—or in any other document filed or produced by the Government in this case—suggests that the Government contends that the two Defendants reached *separate* agreements to launder the proceeds of *different* SUAs. Put another way, the Government does not allege the Defendants agreed to undertake financial transactions with funds that were the proceeds of one SUA (e.g., false statements in customs forms, as alleged in Count Two) but which were not the proceeds of a different SUA (e.g., transporting stolen property, as alleged in Count Three). As the Government does not appear to contend that the Defendants made such separate agreements, charging the one agreement they are alleged to have made in separate conspiracy counts violates Double Jeopardy. *See Jones*, 773 F.3d at 581.[3]

The Government therefore cannot proceed with Counts One, Two, and Three of the Superseding Indictment.

2. The identified SUAs are themselves multiplicitous.

Even if the Government had alleged separate conspiracies to launder funds derived from the three SUA identified in Counts One, Two, and Three, those SUAs are themselves multiplicitous. Alleged conspiracies based on those SUAs are therefore also multiplicitous.

Specifically, the SUA identified in Count One—Smuggling Goods into the United States, in violation of 18 U.S.C. § 545—provides criminal punishments for two separate types of actions:

---

[2] A charge of money laundering or money launder conspiracy may therefore identify more than one SUA in a single count without being duplicitous (i.e., alleging more than one crime in one count of an indictment). *See Aguilar*, 742 F.Supp.3d at 344-45. Indeed, Count Fourt of the Superseding Indictment does just that. *See* ECF No. 155 at 3.

[3] It does not appear that any federal court has considered whether counts of money laundering conspiracy that identify different SUAs but are otherwise identical are multiplicitous, suggesting this may be one of the first occasions in which the Government has attempted to do so.

1) "willfully and knowingly, with intent to defraud the United States, . . . makes out, passes, or attempts to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper"; and

2) "fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law."

18 U.S.C. § 545. The Government has not clarified which part of Section 545 it alleges Defendants violated. Regardless, both parts of Section 545 would require proof of the same elements as the SUAs identified in either Count Two or Three.

a.   *The first part of Section 545 is duplicative of Section 542.*

As noted above, the first part of Section 545 requires proof that a defendant:

(1) acted willfully and knowingly;

(2) with the intent to deprive the United States of revenue;

(3) made or "passe[d]" a "false, forged, or fraudulent invoice";

(4) that was material;

(5) to import goods into the United States.

*See* 18 U.S.C. 545; *United States v. One Lot Emerald Cut Stones and One Ring*, 461 F.3d 1189, 1191 (5th Cir. 1972); *see also United States v. Menon*, 24 F.3d 550, 554 (3rd Cir. 1994) (analyzing elements and requiring proof of materiality).

Section 542 requires proof that the defendant:

(1) knowingly;

(2) made or procured a false statement;

(3) that was material;

(4) to import goods into the United States.

7

See *United States v. Corcuera-Valor*, 910 F.3d 198, 199-200 (5th Cir. 1990). The only difference between these offenses is thus that Section 545 requires that the Government prove two additional elements: the defendant acted willfully and intended to deprive the United States of revenue.

But proof of a violation of the first part of Section 545 would ***necessarily*** establish a violation of Section 542. In other words, if the Government proves Defendants violated Section 545, it will have proven all of the elements necessary to prove a violation of Section 542, plus the additional elements of willfulness and intent to deprive the United States of revenue. Section 542 is therefore a lesser included offense of Section 545, and a conviction for both counts would result in a Double Jeopardy violation. *See Ogba*, 526 F.3d at 234-35; *see also Menon*, 24 F.3d at 554 (3rd Cir. 1994) (observing that Section 545 and 542 overlap except for proof of intent to defraud); *United States v. Bordello*, 766 F.2d 46, 53 (2d Cir. 1985) (suggesting that Sections 545 and 542 may be multiplicitous and remanding to district court to consider issue).

Thus, if the SUA alleged in Count One is the first part of Section 545, then Count One and Count Two are multiplicitous.

> b.   *The second part of Section 545 overlaps with Counts Two or Three.*

The second element of Section 545 requires the Government prove that the defendant imported goods into the United States "contrary to law." 18 U.S.C. § 545. The Government does not identify which law the Defendants' importation of petroleum products allegedly violated.[4] But the two mostly likely candidates—Section 542 (false statements on customs forms) and Section 2314 (transportation of stolen goods)—are already spoken for by Counts Two and Three of the

---

[4] The failure to identify which law was allegedly violated in Count One of the Superseding Indictment constitutes a separate, independent basis on which Count One must be dismissed. *See Babb v. United States*, 218 F.2d 538, 541 (5th Cir. 1955) (reversing conviction for importing stolen cattle under Section 545 because indictment did not identify the manner in which the importation was "contrary to law").

Second Superseding Indictment. Basing the alleged violation of Section 545 on the violation of those statutes would thus be multiplicitous.

Moreover, the violation of law underlying the alleged violation of Section 545 cannot be the Tarriff Act, 19 U.S.C. §§ 1202-1683g, the provision of law that the Government alleges was violated in Count Six of the Second Superseding Indictment. *See* ECF No. 155 at 4. As noted in Defendants' Motion for a Bill of Particulars, the Tariff Act is a sprawling quadrant of the United States Code that includes provisions addressing a variety of issues, including tariff rates, the duties of customs brokers, requirements for the importation of softwood lumber, a prohibition on goods purchased with forced labor, and other provisions that have nothing to do with this dispute. *See* 19 U.S.C. §§ 1202-1683g. Citing the Tariff Act is the functional equivalent of citing the "United States Code" and does not meet the Government's obligations to give notice of the claims against Defendants. But even if Defendants were to guess at which part of the Tarriff Act is implicated, the options still duplicate other counts in the Government's pleading. For instance, the provision that most closely tracks the allegations in the Second Superseding Indictment is 19 U.S.C. § 1592, a portion of the Tariff Act that provides civil penalties for the importation of goods through the use of false statements or documents. But that provision is functionally identical to 18 U.S.C. § 542, which is the basis for Count Two of the Second Superseding Indictment.

Moreover, the Government cannot claim that Defendants violated the Tariff Act by failing to pay the proper customs duty on imported oil, which are spelled out in the Tariff Act. *See* 19 U.S.C. § 1202. In other counts of the Second Superseding Indictment, the Government alleges that Defendants purchased crude oil that they knew had been falsely characterized as "waste oil" on customs forms. *See* ECF No. 155 at 5. But the labeling of oil as "waste oil" rather than "crude oil" had no impact on the customs duty paid to import that product, as both types of products were

9

exempt from duties (or for a limited period in 2025, subject to the same duties) under the United States-Mexico-Canada Agreement. *See generally* Harmonized Tariff Schedule of the United States, ch. 27 (2026) (available at https://hts.usitc.gov). Defendants therefore cannot have deprived the United States of any customs duties required by the Tariff Act through the mislabeling alleged in the Second Superseding Indictment. Basing Count One on an alleged failure to pay customs duties that were not, as a matter of law, due and owing would thus fail to state a criminal offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v) (permitting dismissal of an indictment for "failure to state an offense").

The SUA in Count One of the Superseding Indictment is thus functionally equivalent to the SUA identified in either Count Two or Count Three (or it fails to state an offense), and subjects Defendants to Double Jeopardy.

### 3.   The Court should dismiss Counts Two and Three

As Counts One, Two, Three and multiplicitous in varying ways, the Government may not proceed to trial on all three charges without violating Double Jeopardy. As the SUA in Count One could be duplicative of either Count Two or Count Three, Defendants request the Court dismiss Counts Two and Three. To address any remaining ambiguity as to the SUA in Count One, the Government can simply refile or reaffirm the Bill of Particulars it filed in October 2025, which explained that Count One's reference to "smuggling" was limited to importation in violation of Section 542 and Section 2314. *See* ECF No. 146. To the extent the Government refuses to incorporate the Bill of Particulars or otherwise contends the Defendants intended to violate some other as-yet-unidentified law, Defendants reserve the right to file an appropriate motion with the Court.

## C. **Counts Six, Seven, and Eight are Multiplicitous.**

Counts Six and Seven are multiplicitous for similar reasons.

Count Six of the Second Superseding Indictment alleges that Defendants violated Section 545 by importing goods "contrary to law," which the Government identifies as the Tariff Act, 19 U.S.C. §§ 1202-1683g. ECF No. 155 at 4. The Government does not identify which part of the Tariff Act the Defendants allegedly violated. *See id.* But Count Six cannot allege a violation of the portion of the Tariff Act governing false statements in importation (i.e., 19 U.S.C. § 1592), as that provision is the civil counterpart to 18 U.S.C. § 542—the subject of Count Seven of the Second Superseding Indictment. *See* ECF No. 155 at 4-5. The Government also cannot be failure to pay a tariff to the United States, as labeling the incoming product as "waste oil" rather than "crude oil" would have no impact on the amount of tariff due to the United States, as noted above. *See* 19 U.S.C. § 1202. Thus, unless the Government can identify some other provision of the Tariff Act that Defendants could have violated (and the Government has not done so over two years of litigation), Count Six either asserts a claim that is duplicative of Count Seven or fails to allege conduct that, even if proven, would constitute a criminal offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). Either way, Count Six is legally defective and must be dismissed.

## IV.    CONCLUSION

For the reasons stated above, Defendants request that the Court dismiss Counts Two, Three, and Six of the Second Superseding Indictment. Defendants further request any and all other relief to which they may be entitled.

DATED: April 15, 2026.

Respectfully submitted,

By: /s/ *H. Jay Hulings*
    Jason M. Davis
    **Attorney-in-Charge**
    State Bar No. 00793592
    Southern District ID No. 20114
    E-mail: jdavis@dslawpc.com
    H. Jay Hulings
    State Bar No. 2404573
    Southern District ID No. 3472684
    E-mail: jhulings@dslawpc.com
    **DAVIS & SANTOS, PLLC**
    719 S. Flores Street
    San Antonio, Texas 78204
    Tel: (210) 853-5882
    Fax: (210) 200-8395

    ***Attorneys For Defendant James Lael Jensen***

    And

By: /s/ *Benigno (Trey Martinez)*
    Benigno (Trey) Martinez
    **Attorney-in-Charge**
    State Bar No.  00797011
    Federal ID No. 23945
    E-mail: trey@mbmtlawfirm.com
    **MARTINEZ / TIJERINA, PLLC**
    1201 E. Van Buren
    Brownsville, Texas 78520
    Tel:   956-550-4868
    Fax:  956-621-0135

    Robert Guerra
    Federal ID No. 570991
    State Bar No. 24036694
    rguerra@rguerralaw.com
    **LAW OFFICE OF ROBERT GUERRA, PLLC**
    1201 E. Van Buren St.
    Brownsville, Texas 78520
    Ph. (956) 254-0694

    ***Attorneys for Defendant Maxwell Sterling Jensen***

12

## CERTIFICATE OF CONFERENCE

I certify that on April 15, 2026, the undersigned counsel conferred with counsel for the United States, who confirmed the United States is opposed to the relief sought in the foregoing motion.

*/s/ H. Jay Hulings*
H. Jay Hulings


## CERTIFICATE OF SERVICE

I certify that on April 15, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ H. Jay Hulings*
H. Jay Hulings