**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 1:25-cr-257** |
| | § | |
| **JAMES LAEL JENSEN** | § | |
| **MAXWELL STERLING JENSEN** | § | |
| **a/k/a "Max"** | § | |

**DEFENDANTS' RESPONSE TO LUXEMBORG TRADING, LLC'S MOTION TO QUASH SUBPOENA**

TO THE HONORABLE COURT:

Defendants James Lael Jensen and Maxwell Sterling Jensen (jointly, "**Defendants**") file this Response to Luxemborg Trading, LLC's ("**Luxemborg**") Motion to Quash Subpoena (ECF No. 216, the "**Motion to Quash**"), and would respectfully show:

## I. INTRODUCTION

Defendants served on Luxemborg a subpoena under Federal Rule of Criminal Procedure 17, seeking communications with and about Defendants, business records relating to products sold to Defendants, and limited documents regarding Luxemborg's business in and around South Texas—documents that are plainly relevant to Defendants' defense in this case. After a substantial delay, Luxemborg moves to quash the subpoena on two grounds: (1) Rule 17(h) prohibits any party from obtaining witness statements from a non-party; and (2) Defendants' subpoena is overbroad and/or unduly burdensome. As detailed below, both arguments are baseless.

## II. BACKGROUND

Luxemborg is a logistics company that transports diesel, gas, and waste oil in Mexico and the United States. The company imports certain fuel products into the United States and exports certain fuel products to Mexico. The Government has provided reports in discovery describing

Luxemborg's business interactions with Arroyo Terminals during relevant time periods. *See* November 30, 2024 DEA 6 Report by DEA SA Michael Scarano[1].

It appears that Luxemborg's principal and owner (referred to herein as "**CI-1**") will be the central witness in the trial against Defendants. Indeed, based on the discovery provided by the Government, it appears that CI-1 will be the primary (if not the only) source of evidence regarding the Government's allegations that the waste oil purchased by Defendants was stolen, as alleged in Counts One, Three, Four, Five, and Eight of the Second Superseding Indictment. *See* ECF No. 155. CI-1 also recorded the conversations that are the basis of Count Ten of the Second Superseding Indictment, which alleges Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization. *See id.*

Given the centrality of CI-1 to the Government's case, Defendants repeatedly requested the Government produce documents regarding CI-1's communications with the Government, Defendants, business associates in Mexico and the United States, and other potential witnesses in Mexico, along with various business records of Luxemborg. *See* ECF No. 168, Exs. A, B. When the Government failed to produce these documents, Defendants filed two overlapping motions to compel, noting that all such documents are plainly discoverable under Rule 16 or the Government obligations under *Brady*, *Giglio*, and the Jencks Act. *See id. See* ECF No. 167 (Defendants' Motion to Compel Disclosure of Intercepted Communications); ECF No. 168 (Defendants' Motion to Compel Disclosure of Witness Materials and Other Documents). Those motions remain pending.

On March 27, 2026, at the request of Defendant James Lael Jensen ("**James Jensen**"), the Clerk of the Court issued a Rule 17(c) subpoena to Luxemborg. The subpoena, attached as Exhibit

[1] If requested, Defendants will file relevant Governments reports under seal or with appropriate redactions.

A to the Motion to Quash, commanded compliance by April 27, 2025 at 5:00 p.m. *See* ECF No. 216, Ex. A. The subpoena seeks the following narrow categories of documents from Luxemborg:

- Communications and other documents concerning Luxemborg's transactions with Defendants, their family members, and their businesses, including the purchase and sale of commodities, reports filed with government authorities reflecting the purchase and sale of commodities, and payments of all taxes, fees, and tariffs for the purchase and sale of commodities;
- Licenses, permits, registrations and authorizations issued to Luxemborg related to purchase or sale commodities.
- Documents sufficient to show the entities with which Luxemborg did business, for a limited time and in a limited geographic area.

*See id*.

On March 31, 2026, a copy of the Luxemborg subpoena was served on Manuel Juaristi in Edinburg, Texas, who identified himself as an individual authorized to accept service for Luxemborg. *See* ECF No. 212-2, Ex. B. After Luxemborg did not respond to the subpoena, on May 11, 2026, Defendants filed a Motion to Compel Luxemborg Trading, LLC's Compliance with Rule 17(c) Subpoena (the "**Motion to Compel**"). *See* ECF No. 212. On May 27, 2026, Luxemborg filed the Motion to Quash (ECF No. 216) and Non-Party Luxemborg Trading LLC's Response to Motion to Compel (ECF No. 217, the "**Response to the Motion to Compel**"). On June 4, 2026, the Court ordered Defendants to file a Reply regarding the Motion to Compel and Response to the Motion to Quash. *See* ECF No. 223.

## III. ARGUMENT AND AUTHORITIES

### A. Rule 17(h) Does Not Prevent a Defendant from Obtaining Statements from Non-Parties

In the Motion to Quash, Luxemborg asks the Court to interpret Rule 17(h) to preclude a any party from obtaining witness statements from a non-party. Luxemborg does not cite any case law in support of its argument—perhaps because the majority of courts who have addressed this issue have expressly rejected Luxemborg's proposed interpretation of Rule 17(h).

The Eastern District of New York recently reviewed the relevant case law and denied the Government's and subpoena recipients' motions to quash a criminal defendant's subpoena for witness statements. *See United States v. Goldstein*, 21 Cr. 550 (DC), 2023 WL 3662971, at *5-6 (E.D.N.Y. May 24, 2023). The court noted that while the plain language of Rule 17(h)[2] could be read to prohibit any party (i.e., criminal defendants or the Government) from subpoenaing witness statements from non-parties, most of the courts who considered the question have rejected that interpretation. *See id.; see also United States v. Chavez*, No. 15-CR-0285, 2020 WL 109703, at *3 (N.D. Cal. Jan. 9, 2020) (noting that "[n]o appellate court appears to have considered whether Rule 17(h)'s prohibition against subpoenaing witness statements applies to statements that are not.... in the United States' possession" and concluding that Rule 17(h) "should not be interpreted to prevent a party from subpoenaing witness statements in the possession of a non-party"); *United States v. Hussain*, No. 16-CR-0462, 2018 WL 1091083, at *2 (N.D. Cal. Feb. 28, 2018) (holding that the "better view" is that "Rule 17(h) only applies to statements in the possession of the government"); *United States v. Young*, No. 03-20400, 2004 WL 784840, at *2 (W.D. Tenn. Mar. 4, 2004) (holding that Rule 17(h) does not prohibit subpoenas to third parties for witness statements).

---

[2] Rule 17(h) states that "[n]o party may subpoena a statement of a witness or of a prospective witness under this rule. Rule 26.2 governs the production of the statement." Fed. R. Crim. P. 17(h).

The *Goldstein* court noted that an earlier version of Rule 17 had made clear that its prohibition on subpoenas for witness statements did ***not*** apply to subpoenas to third parties: "[s]tatements made by witnesses or prospective witnesses may not be subpoenaed *from the government or the defendant* under this rule." *Id.* at *6 (quoting *Order of the Supreme Court*, 207 F.R.D. 89, 442 (2002), emphasis added in *Goldstein*). That language was amended to its current form as part of restyling of the Criminal Rules, and the Advisory Committee's notes explained that the changes were intended to be "stylistic only." *Id.* (quoting *Order of the Supreme Court*, 207 F.R.D. at 443). The *Goldstein* court noted that some courts had interpreted Rule 17(h) to prohibit subpoenas to non-parties for witness statements, but "these conclusions were reached summarily, without addressing the history or purpose of the rule." *Id.* at *5 (citing *United States v. Yudong Zhu*, No. 13-CR-0761, 2014 WL 5366107, at *3 & n. 3 (S.D.N.Y. Oct. 14, 2014) and *United States v. Vasquez*, 258 F.R.D. 68, 73 (E.D.N.Y. 2009)). The court therefore concluded that the courts holding that Rule 17 permits subpoenas to non-parties for witness statements had the "better view." *Id.* (quoting *Hussain*, 2018 WL 1091083, at *2).

Moreover, the interpretation advocated by Luxemborg would also lead to perverse incentives. Under Luxemborg's reading of Rule 17, the Government could prevent a criminal defendant from securing witness statements that are exculpatory, relevant to impeachment, or otherwise discoverable simply by refusing to take possession of those statements from a witness. The Government could thus subvert its discovery obligations by taking a hands-off approach to its witnesses, securing their cooperation but not obtaining possession of witness communications that could be used for impeachment. Indeed, that may be what the Government—perhaps unintentionally—has done in this case. The Government directed CI-1 to act as a confidential informant and based a substantial portion of its allegations on CI-1's expected testimony, but the

Government apparently failed to obtain relevant communications and business records from C1-1.[3] Nothing in the Federal Rules, or the logic of the adversary system, suggests Rule 17 was intended to permit the Government to end-run its discovery obligations through gamesmanship with critical witnesses.

Defendants therefore maintain the Court should adopt the "better view" of *Goldstein* and other courts and hold that Rule 17 permits Defendants to subpoena witness statements from Luxemborg and other third parties.

**B. <u>The Subpoena Is Not Overbroad or Unduly Burdensome</u>**

Rule 17(c) provides that a subpoena may direct a witness to produce, before trial, such "books, papers, documents, data, and other objects the subpoena designates." Fed. R. Crim. P. 17(c). The purpose of the Rule is to facilitate trial preparation, and the items requested must be relevant and evidentiary. *See United States v. Nixon*, 418 U.S. 683, 699 (1974). The provisions of Rule 17(c) apply to materials held by third parties. *See id.* at n.12.

Rule 17 permits courts to quash subpoenas that are "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). To overcome such a motion, the party issuing a subpoena "must show that: (1) the subpoenaed document is relevant, (2) it is admissible, and (3) it has been requested with adequate specificity." *United States v. Arditti,* 955 F.2d 331, 345 (5th Cir.1992) (citing *Nixon,* 418 U.S. at 700). The subpoena at issue here meets these standards.

First, the documents sought by the subpoena are relevant—indeed, critical—to the defense against the Government's allegations. As noted above, CI-1 is the central witness—and for some

[3] As noted in Defendants' pending motions to compel, if the Government is in possession of CI-1's communications and related business records it has an obligation to produce those communications in discovery under Rule 16, *Brady*, *Giglio*, the Jencks Act, and the Court's orders. *See* ECF No. 167; ECF No. 168.

counts, likely the sole witness—against Defendants. The Government apparently intends to call CI-1 to testify regarding his communications with Defendants, the origins of the waste oil sold to Defendants, the manner and means used by CI-1 and Luxemborg to import the waste oil, and supposed interactions with organized crime in Mexico. CI-1's communications with Defendants, about Defendants, and about the waste oil sold to Defendants may therefore reveal that the waste oil sold to Defendants was not stolen, that Defendants had no idea where CI-1 and Luxemborg secured the waste oil sold to Defendants, that organized crime had no involvement in the transactions with Defendants, or other facts relevant to the defense. Indeed, the ***absence*** of communications between CI-1 and organized crime or others in Mexico referencing Defendants or the products sold to Defendants would itself be exculpatory and highly relevant to the defense. *See* ECF No. 167 at 9. Similarly, records relating to the purchase, transport, and importation of the products sold to Defendants may be relevant to establishing that the import of these products complied with applicable laws and regulations and/or were done without the involvement of Defendants. Finally, such evidence could be relevant to cross-examination or impeachment of CI-1, depending on his testimony.

The other documents sought by the subpoena as also plainly relevant. Documents reflecting authorizations or permits granted and not revoked by the Government may reflect benefits provided by the Government to a witness, which is plainly relevant to potential impeachment or cross-examination of CI-1. These records may also demonstrate that Luxemborg's import and sale of petroleum products to Defendants was consistent with the law and repeatedly blessed by relevant Government officials. Similarly, documents sufficient to identify other entities to which Luxemborg has sold petroleum products may demonstrate that the Government has chosen to single out Defendants for prosecution, while giving preferential treatment to others who have done

business with Luxemborg. *See id.* Such evidence could be both a benefit afforded to CI-1 that can be addressed during cross-examination and the basis for a motion to dismiss for selective/malicious prosecution. *See United States v. Kahl*, 583 F.2d 1351, 1353 (5th Cir. 1977) ("Selective prosecution, if based on improper motives, can violate the equal protection clause of the fourteenth amendment."). This evidence, along with the other evidence noted above, may also help Defendants establish that these business practices were common and widely believed to be legitimate, thereby rebutting Government allegations regarding criminal intent.

Second, Luxemborg does not appear to question the admissibility of evidence sought by the subpoena. Regardless, there is no reason to believe that the communications and business records sought by the subpoena would be inadmissible at trial. To be clear, Defendants do not seek production of privileged or otherwise protected information.

Third, the document requests are narrowly targeted. The subpoena does not seek "every document" of Luxemborg, contrary to representations in the Motion to Quash. ECF No. 216 at 6. Rather, as is plain from the face of the subpoena, Defendants seek communications and other documents concerning Defendants, their family members, and their affiliated entities—family-run businesses that are at the center of the Government's prosecution. Similarly, the requests seek Luxemborg's licenses, permits, and other documents for a limited time period, which likely constitute only a handful of official documents. Finally, the subpoena limits its request for documents regarding Luxemborg's other customers by date, region, and to documents "sufficient to identify" those customers. It does not seek documents and communications about those other customers. The subpoena is thus no "fishing expedition."[4]

---

[4] Defendants remain willing to discuss narrowing of these requests, depending on feedback from Luxemborg regarding the types of documents in their possession and other factors.

The other objections raised in the Motion to Quash are without merit. Luxemborg argues that the subpoena's requests for communications with Jensen family members and businesses is overbroad because it includes family members and entities who are not currently defendants in this case. *See* ECF No. 216. That argument ignores the fact that two of those family members were previously defendants in this case and that the Government has not ruled out charging them in the future. *See* ECF No. 1. It also ignores that multiple Jensen-family entities have been subject to the Government's requests for forfeiture, including Arroyo Terminals, LLC. *See* ECF No. 155. Finally, this argument ignores that Defendants operated through family-run businesses, making documents related to those businesses relevant to this dispute.

Similarly, the Motion to Quash claims that the communications sought in the subpoena should already be in Defendants' possession. While Defendants may be in possession of some of Luxemborg's communications ***with*** Defendants, Defendants are not in possession of Luxemborg's communications ***about*** Defendants. Indeed, such documents have been the goal of multiple of Defendants' discovery requests to the Government and still-pending motions to compel. *See* ECF No. 216; ECF No. 217. As noted above, such communications and other documents may be among the most important in the case.

The subpoena is therefore appropriate in scope and content, and the Motion to Quash should be denied.[5]

---

[5] In the alternative, to the extent the Court considers granting the Motion to Quash, Defendants request the Court modify the subpoena or give Defendants the opportunity to serve a modified version of the subpoena on Luxemborg. *See* Fed. R. Crim. P. 17(c)(2) (stating that the "court may quash or modify" a subpoena); *Wiwa v. Royal Dutch Petroleum, Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("Generally, modification of a subpoena is preferable to quashing it outright.").

**PRAYER**

For the reasons stated herein, Defendants respectfully request that the Court deny Luxemborg's Motion to Quash. Defendants further request any and all other relief to which they may be entitled.

DATED: June 16, 2026.

Respectfully submitted,

By: */s/ H. Jay Hulings*
Jason M. Davis
**Attorney-in-Charge**
State Bar No. 00793592
Southern District ID No. 20114
E-mail: jdavis@dslawpc.com
H. Jay Hulings
State Bar No. 2404573
Southern District ID No. 3472684
E-mail: jhulings@dslawpc.com
**DAVIS & SANTOS, PLLC**
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys For Defendant James Lael Jensen***

And

By: */s/ Benigno (Trey) Martinez (with permission)*
Benigno (Trey) Martinez
**Attorney-in-Charge**
State Bar No. 00797011
Federal ID No. 23945
E-mail: trey@mbmtlawfirm.com
**MARTINEZ / TIJERINA, PLLC**
1201 E. Van Buren
Brownsville, Texas 78520
Tel: 956-550-4868
Fax: 956-621-0135

Robert Guerra
Federal ID No. 570991
State Bar No. 24036694

rguerra@rguerralaw.com
**LAW OFFICE OF ROBERT GUERRA, PLLC**
1201 E. Van Buren St.
Brownsville, Texas 78520
Ph. (956) 254-0694

***Attorneys for Defendant Maxwell Sterling Jensen***

**CERTIFICATE OF SERVICE**

I certify that on the 16th day of June 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ H. Jay Hulings*
H. Jay Hulings