**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 1:25-cr-257** |
| | § | |
| **JAMES LAEL JENSEN** | § | |
| **MAXWELL STERLING JENSEN** | § | |
| **a/k/a "Max"** | § | |

**DEFENDANTS' RESPONSE TO NON-PARTY EXCO NB, LLC'S MOTION TO QUASH OR, IN THE ALTERNATIVE, MODIFY SUBPOENA**

TO THE HONORABLE COURT:

Defendants James Lael Jensen and Maxwell Sterling Jensen (jointly, "**Defendants**") file this Response to Non-Party Exco NB, LLC's ("**Exco**") Motion to Quash, or in the Alternative, Modify Subpoena (ECF No. 211, the "**Motion to Quash**"), and would respectfully show:

## I. INTRODUCTION

Defendants served on Exco a subpoena under Federal Rule of Criminal Procedure 17, seeking communications with and about Defendants, business records relating to products sold to Defendants, and limited documents regarding Exco's business in and around South Texas—documents that are plainly relevant to Defendants' defense in this case. Exco moves to quash the subpoena, arguing that it is overbroad and seeks documents unrelated to the charges in this case. But Exco's arguments are largely based on a misreading of the subpoena, which only seeks communications and documents related to Exco's business with ***Defendants*** and related entities. Given Exco's representations regarding the documents in its possession, there should be minimal burden associated with gathering and producing these plainly relevant documents.

## II. BACKGROUND

Exco is an oil and gas company based in Helotes, Texas that, among other business ventures, purchases and sells petroleum products, provides services related to the recovery of waste oil, and imports petroleum products from Mexico into the United States.[1] As Exco concedes, it did business with Defendant James Lael Jensen ("**James Jensen**") and one of the Jensen businesses—Maxim Crude Oil, LLC ("**Maxim**")—up until 2020. *See* ECF No. 211 at 1. The relevant transactions include Exco's sale to Maxim of petroleum products that Exco had imported from Mexico to the United States.

On March 27, 2026, at the request of James Jensen, the Clerk of the Court issued a Rule 17(c) subpoena to Exco. The subpoena, attached as Exhibit A to the Motion to Quash, commanded compliance by April 27, 2025 at 5:00 p.m. *See* ECF No. 211, Ex. A. The subpoena seeks the three narrow categories of documents from Exco:

1. Communications and other documents concerning Exco's transactions with Defendants, their family members, and their affiliated businesses, including the purchase and sale of commodities, reports filed with government authorities reflecting the purchase and sale of commodities, and payments of all taxes, fees, and tariffs for the purchase and sale of commodities;
2. Licenses, permits, registrations and authorizations issued to Exco's related to purchase or sale commodities.
3. Documents sufficient to show the entities with which Exco did business, for a limited time and in a limited geographic area.

[1] *See generally* <www.excocrudeoil.com>, last visited June 15, 2026.

*See id*. After a brief attempt to confer regarding the scope of the subpoena, on May 11, 2026, Exco filed its Motion to Quash.

## III. ARGUMENT AND AUTHORITIES

Rule 17(c) provides that a subpoena may direct a witness to produce, before trial, such "books, papers, documents, data, and other objects the subpoena designates." Fed. R. Crim. P. 17(c). The purpose of the Rule is to facilitate trial preparation, and the items requested must be relevant and evidentiary. *See United States v. Nixon*, 418 U.S. 683, 699 (1974). The provisions of Rule 17(c) apply to materials held by third parties. *See id.* at n.12.

Rule 17 permits courts to quash subpoenas that are "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). To overcome such a motion, the party issuing a subpoena "must show that: (1) the subpoenaed document is relevant, (2) it is admissible, and (3) it has been requested with adequate specificity." *United States v. Arditti,* 955 F.2d 331, 345 (5th Cir.1992) (citing *Nixon,* 418 U.S. at 700). The subpoena at issue here meets these standards.

As an initial matter, the Motion to Quash appears to misread the scope of the subpoena. The first category of documents requested in the subpoena does not seek communications and business records regarding the purchase, sale, importation, and transportation of petroleum products ultimately purchased by any of Exco's customers, as the Motion to Quash suggests. Rather, the subpoena seeks only those records regarding transactions involving the Defendants, their family members, and their related businesses, which includes Maxim. *See* ECF No. 211, Ex. A. Moreover, the Motion to Quash claims that Exco only did business with James Jensen and Maxim and only until 2020. *See* ECF No. 211 at 2. Based on this representation, Exco is free to disregard the remainder of the first request. To the extent necessary, Defendants agree to narrow

the first request in the subpoena to communications and documents related to transactions between Exco and Maxim/James Jensen.

As to the first element the Court must consider, the documents requested by this narrowed first request remain highly relevant to this case. As noted above, Maxim and Exco were involved in transactions similar to those targeted in the Government's Second Superseding Indictment—i.e., the purchase of petroleum products that had been imported from Mexico. Exco maintains that those transactions were "legitimate." ECF No. 211 at 1, 2, and 4. Defendants agree and seek documents reflecting the manner in which those transactions were conducted, including communications, invoices, import documents, and other relevant business records. These documents are directly relevant to the defense against the multiple claims in the Second Superseding Indictment, each of which requires proof of criminal intent. *See* ECF No. 155. Evidence that Defendants purchased petroleum products from Mexico from multiple parties and for many years, that these purchases were substantively similar to the transactions at issue in this case, that these transactions were commonplace throughout South Texas and involved large and well-established companies, and that the parties to these transactions believed them to be "legitimate" and entirely legal is directly relevant to Defendants' defense against the state of mind elements of the Government's allegations. Put another way, the documents sought from Exco could establish that Defendants had no reason to believe that they were doing anything wrong, thereby helping to negate elements of the offenses asserted against them.

The other documents requested in the subpoena are relevant for similar reasons. The licenses, permits, and authorizations sought in the subpoena's second category would help provide evidence that the Government has repeatedly authorized various businesses to engage in the very same transactions it challenges in this case—i.e., the importation of waste oil from Mexico to the

United States. Such records would help establish that Defendants had reason to believe their activities were legal and potentially help establish the basis for a motion for selective/malicious prosecution. *See United States v. Kahl*, 583 F.2d 1351, 1353 (5th Cir. 1977) ("Selective prosecution, if based on improper motives, can violate the equal protection clause of the fourteenth amendment."). Similarly, documents sufficient to identify other purchasers of petroleum products imported from Mexico, the subpoena's third category of requested documents, would provide Defendants with evidence that the business practices targeted in this case were common and widely considered legitimate, as well as provide Defendants with additional potential sources of evidence.

As to the second element, there is no reason to believe that these records are inadmissible. The subpoena seeks communications and other business records, which would be admissible in evidence once properly authenticated. To be clear, Defendants do not seek production of privileged or otherwise protected information.

As to the third element, with the clarification noted above, the subpoena is narrowly targeted. The first request in the subpoena is limited to communications and business records regarding Exco's transactions with Maxim/James Jensen, which Exco maintains only took place from 2018 to 2020. Exco thus need only produce this narrow category of documents and only to the extent that it has possession of such documents.[2] The second request seeks only Exco's licenses, permits, and other documents for a limited time period, which should constitute a small

---

[2] Exco states that its principal has moved "out of state" and shredded all documents prior to 2021. *See* ECF No. 211 at 8. If Exco is not in possession, custody, or control of any documents responsive to the first request in the subpoena, it should state as much and avoid the unnecessary expenditure of the Court's and the parties' resources.

handful of official documents. The third request is limited to documents sufficient to identify Exco's other customers, a sharply limited request. The subpoena is thus no "fishing expedition."[3]

Indeed, the Motion to Quash appears to be motivated not by concerns over the burden of producing what appears to be a relatively small number of documents, but by fear. Exco appears concerned that its activities—which are largely indistinguishable from the transactions targeted in this case—may be next on the Government's agenda. Exco maintains that its importation of petroleum products was "legitimate," and Defendants agree (to the extent that importation involved Defendants). The Government nonetheless appears intent on prosecuting Defendants for transactions openly engaged in by multiple companies, for years, and with no indication that any of the companies were doing anything inappropriate. But fear that the Government may ultimately turn its attention to Exco is not a valid basis to quash a valid subpoena or deny Defendants the documents necessary to defend this misguided and selective prosecution.

The subpoena is therefore appropriate in scope and content, and the Motion to Quash should be denied.[4]

## PRAYER

For the reasons stated herein, Defendants respectfully request that the Court deny Exco's Motion to Quash. Defendants further request any and all other relief to which they may be entitled.

---

[3] The Motion to Quash also argues that some of these business records may include proprietary and sensitive business information. There is reason to be skeptical of that representation, as importation records and other documents filed with the Government (among other records sought by the subpoena) are likely not confidential. Nonetheless, Defendants are willing to enter an appropriate confidentiality/protective order to help assure Exco that any sensitive records would be adequately protected.

[4] In the alternative, to the extent the Court considers granting the Motion to Quash, Defendants request the Court modify the subpoena or give Defendants the opportunity to serve a modified version of the subpoena on Exco. *See* Fed. R. Crim. P. 17(c)(2) (stating that the "court may quash or modify" a subpoena); *Wiwa v. Royal Dutch Petroleum, Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("Generally, modification of a subpoena is preferable to quashing it outright.").

DATED: June 16, 2026.

Respectfully submitted,

By: */s/ H. Jay Hulings*

Jason M. Davis
**Attorney-in-Charge**
State Bar No. 00793592
Southern District ID No. 20114
E-mail: jdavis@dslawpc.com
H. Jay Hulings
State Bar No. 2404573
Southern District ID No. 3472684
E-mail: jhulings@dslawpc.com
**DAVIS & SANTOS, PLLC**
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys For Defendant James Lael Jensen***

And

By: */s/ Benigno (Trey) Martinez (with permission)*

Benigno (Trey) Martinez
**Attorney-in-Charge**
State Bar No. 00797011
Federal ID No. 23945
E-mail: trey@mbmtlawfirm.com
**MARTINEZ / TIJERINA, PLLC**
1201 E. Van Buren
Brownsville, Texas 78520
Tel: 956-550-4868
Fax: 956-621-0135

Robert Guerra
Federal ID No. 570991
State Bar No. 24036694
rguerra@rguerralaw.com
**LAW OFFICE OF ROBERT GUERRA, PLLC**
1201 E. Van Buren St.
Brownsville, Texas 78520
Ph. (956) 254-0694

***Attorneys for Defendant Maxwell Sterling Jensen***

**CERTIFICATE OF SERVICE**

I certify that on the 16th day of June 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ H. Jay Hulings*
H. Jay Hulings