**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 1:25-cr-257** |
| | § | |
| **JAMES LAEL JENSEN** | § | |
| **MAXWELL STERLING JENSEN** | § | |
| **a/k/a "Max"** | § | |

**DEFENDANTS' REPLY REGARDING MOTION TO SUPPRESS FOR *MASSIAH* VIOLATION**

TO THE HONORABLE COURT:

Defendants James Lael Jensen ("**James Jensen**") and Maxwell Sterling Jensen ("**Max Jensen**") (jointly, "**Defendants**" or the "**Jensens**") file this Reply Regarding Motion to Suppress for *Massiah* Violation and would respectfully show:

As detailed in Defendants' Motion to Suppress for *Massiah* Violation (the "**Motion**"), Defendants' Sixth Amendment right to counsel attached as soon as the grand jury returned an indictment against them on April 17, 2025. *See* ECF No. 169. The Government nonetheless proceeded with the recording of conversations between Defendants and a confidential informant after securing the indictment. *See id.* at 6-7. The Government then used the evidence gathered in those records to secure superseding indictments. *See* ECF No. 82; ECF No. 155. It now apparently intends to introduce that same evidence at a trial on all pending charges, including those asserted in the original indictment. As explained in the Motion, doing so would violate the Defendants' right to counsel as articulated in *Massiah v. United States*, *Maine v. Moulton*, and their progeny. *See* ECF No. 169 at 7-12; *Maine v. Moulton*, 474 U.S. 159, 170 (1985); *Massiah v. United States*, 377 U.S. 201 (1964).

In the Government's Sealed Response to Defendants' Motion to Suppress for *Massiah* Violation (the "**<u>Response</u>**"),[1] the Government claims that the Motion overlooks *Texas v. Cobb*, 532 U.S. 162 (2001), which the Government claims would permit the use of evidence obtained after the April 17, 2025 indictment at trial. The Government is mistaken.

In *Cobb*, the Supreme Court held that the Sixth Amendment right to counsel "attaches only to charged offenses" and to offenses that are sufficiently similar to be considered the same offense under the *Blockburger* test. *Id.* at 172-73 (citing *Blockburger v. United States*, 284 U.S. 299 (1932)). Thus, the Court held that state prosecutors could use a confession obtained from a defendant who had been charged with burglary in a separate prosecution on murder charges. *See id.* at 173. Contrary to the Government's suggestions, the Court in *Cobb* did not overrule or substantially modify *Massiah* or *Moulton*. Indeed, the *Cobb* opinion follows and quotes directly from *Moulton*, which held that excluding evidence relating to "charges as to which the Sixth Amendment right to counsel had not attached at the time the evidence was obtained . . . would unnecessarily frustrate the public's interest in the investigation of criminal activities." *Id.* at 172 (quoting *Moulton*, 174 U.S. at 179-80). The *Cobb* Court left intact *Moulton*'s holding that "[i]n seeking evidence pertaining to *pending charges* . . . , the Government's investigative powers are limited by the Sixth Amendment rights of the accused." *Id.* (quoting *Moulton*, 174 U.S. at 179-80, emphasis added by *Cobb*).

Thus, *Cobb*, *Moulton*, and *Massiah* may possibly permit the Government to introduce statements of Defendants obtained on or after April 17, 2025 in a trial on charges that were *not*

[1] As with other Government responses to Defendants' motions, there is no basis for the Response to be filed under seal, as neither the Motion nor the Response identify CI-1 or otherwise include protected information. Defendants therefore request that the Response be unsealed.

*pending* at that time at the time of those statements.[2] But the Government may not introduce those statements in a trial on charges that *were pending* at the time it obtained those statements. Yet that is apparently exactly what the Government intends to do.

As noted above and in the Motion, the original indictment asserted five charges against Defendants: Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h); Aiding and Abetting the Smuggling of Goods into the United States, in violation of 18 U.S.C. §§ 545 and 2; Aiding and Abetting Entry of Goods by means of False Statements, in violation of 18 U.S.C. §§ 542 and 2; Money Laundering Spending Conspiracy, in violation of 18 U.S.C. §§ 1956(h) and 1957; and Money Laundering Spending, in violation of 18 U.S.C. § 1957. ECF No. 1. Each of these counts remains in the currently pending indictment, which also asserts one charge (Count Ten) that appears to be based primarily on evidence secured after the original indictment. *See* ECF No. 155. The Government apparently intends to pursue *all* pending charges in one trial, which would necessarily require the introduction of evidence obtained after the original indictment in a trial on charges asserted in the original indictment. Doing so would clearly violate Defendants' Sixth Amendment rights to counsel, as articulated in *Cobb*, *Moulton*, and *Massiah*. Such evidence must therefore be suppressed.[3]

For the reasons stated herein and in the Motion, Defendants James Lael Jensen and Maxwell Sterling Jensen respectfully request that the Court grant the Motion and exclude any and all evidence of the April 17, 2025 meeting, the subsequent recorded calls, and any related evidence

---

[2] The Defense does not concede that such statements would be admissible in any separate trial for other independent reasons not germane to the present *Massiah* analysis.

[3] If the evidence is not suppressed, Defendants reserve the right to seek other relief, including without limitation a severance and or dismissal of all counts based on evidence secured on or after April 17, 2025.

obtained directly or indirectly as a result of these violations.

DATED: June 30, 2026.

Respectfully submitted,

By: */s/ H. Jay Hulings*
Jason M. Davis
**Attorney-in-Charge**
State Bar No. 00793592
Southern District ID No. 20114
E-mail: jdavis@dslawpc.com
H. Jay Hulings
State Bar No. 24104573
Southern District ID No. 3472684
E-mail: jhulings@dslawpc.com
**DAVIS & SANTOS, PLLC**
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395
***Attorneys for Defendant***
***James Lael Jensen***

By: */s/ Benigno (Trey) Martinez (with permission)*
Benigno (Trey) Martinez
**Attorney-in-Charge**
State Bar No. 00797011
Federal ID No. 23945
E-mail: trey@mbmtlawfirm.com
**MARTINEZ / TIJERINA, PLLC**
1201 E. Van Buren
Brownsville, Texas 78520
Tel: 956-550-4868
Fax: 956-621-0135

Robert Guerra
Federal ID No. 570991
State Bar No. 24036694
rguerra@rguerralaw.com
**LAW OFFICE OF ROBERT GUERRA, PLLC**
1201 E. Van Buren St.
Brownsville, Texas 78520
Ph. (956) 254-0694
***Attorneys for Defendant***
***Maxwell Sterling Jensen***

## CERTIFICATE OF SERVICE

I certify that on June 30, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ H. Jay Hulings*
H. Jay Hulings