**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 1:25-cr-257** |
| | § | |
| **JAMES LAEL JENSEN** | § | |
| **MAXWELL STERLING JENSEN** | § | |
| **a/k/a "Max"** | § | |

**DEFENDANTS' MOTION TO DISMISS OR MODIFY COUNTS FIVE, SIX, SEVEN,
AND EIGHT OF THE SECOND SUPERSEDING INDICTMENT**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................................... 1

II.   PROCEDURAL BACKGROUND ............................................................................... 2

III.  ARGUMENT AND AUTHORITIES ........................................................................... 3

    A.    Legal Standards ................................................................................................. 3

        1.    Continuing offenses ............................................................................... 3

        2.    Duplicitous counts ................................................................................. 5

    B.    Count Five is Duplicitous. ................................................................................. 6

    C.    Count Six is Duplicitous and May Improperly Allege a Continuing Offense. ................... 9

        1.    Count Six is duplicitous. ........................................................................ 9

        2.    Count Six may also improperly charge a continuing offense. ..................... 11

    D.    Count Seven Improperly Alleges a Continuing Offense and is Duplicitous. ................ 13

        1.    Section 542 is not a continuing offense. .................................................. 13

        2.    Count Seven is also duplicitous. ............................................................. 15

    E.    Count Eight Alleges Conduct Outside the Statute of Limitations. ................................. 17

        1.    Section 2314 is not a continuing offense. ................................................ 17

        2.    Count Eight is duplicitous. ..................................................................... 18

IV.   CONCLUSION ........................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

### <u>Cases</u>

*Bailey v. United States*,
53 F.2d 982 (5th Cir. 1931) ............................................................................................... 10

*Curtis v. United States*,
38 F.2d 450 (1930) ............................................................................................................. 10

*Schaffer v. United States*,
362 U.S. 511 (1960) ........................................................................................................... 19

*Toussie v. United States*,
397 U.S. 112 (1970) .............................................................................................4, 11, 14, 17

*United States v. Baytank (Hous.), Inc.*,
934 F.2d 599 (5th Cir. 1991) ........................................................6, 7, 10, 11, 15, 18, 19

*United States v. Bins*,
331 F.2d 390 (5th Cir. 1964) ............................................................................................. 16

*United States v. Blackwell*,
954 F. Supp. 944 (D.N.J. 1997) ........................................................................................... 8

*United States v. Blizzard*,
27 F.3d 100 (4th Cir. 1994) ...............................................................................................11

*United States v. Brazell*,
489 F.3d 666 (5th Cir. 2007) ............................................................................................... 4

*United States v. Caldwell*,
302 F.3d. 399 (5th Cir. 2002) .............................................................................................. 5

*United States v. Canal Barge Co., Inc.*,
631 F.3d 327 (6th Cir. 2011) ............................................................................................... 5

*United States v. Castellano*,
610 F. Supp. 1359, (S.D.N.Y. 1985) ............................................................................ 17, 18

*United States v. Conley*,
826 F. Supp. 1536 (W.D. Pa. 1993) ..................................................................................... 7

*United States v. Covarrubias*,
179 F.3d 1219 (9th Cir. 1999) ..................................................................................... 12, 17

*United States v. Drebin*,
    557 F.2d 1316 (9th Cir. 1977)................................................................................ 18

*United States v. Fassnacht*,
    Case No. 01-CR-62, 2002 WL 63523 (N.D. Ill. Jan. 14, 2002)................................. 16

*United States v. Frezzo*,
    659 F. Supp. 54 (E.D. Pa. 1987) ............................................................................ 12

*United States v. Gremillion-Stovall*,
    397 F.Supp.2d 798 (E.D. La. 2005) ....................................................................... 14

*United States v. Guzman*,
    781 F.2d 428 (5th Cir. 1986)................................................................................... 16

*United States v. Harris*,
    919 F. Supp. 2d 702 (E.D. Va. 2013) .................................................................... 12

*United States v. Hicks*,
    529 F.2d 841 (5th Cir. 1976)............................................................................ 7, 15

*United States v. Joseph*,
    765 F. Supp. 326 (E.D. La. 1991) .......................................................................... 14

*United States v. Mackey*,
    551 F.3d 967 (5th Cir. 1997).................................................................................. 13

*United States v. Mangieri*,
    694 F.2d 1270 (D.C. Cir. 1982).............................................................................. 16

*United States v. Martin*,
    933 F.2d 609 (8th Cir. 1991)..................................................................................... 8

*United States v. Mauskar*,
    557 F.3d 219 (5th Cir. 2009).................................................................................... 5

*United States v. McDermot*,
    No. 93-3603, 58 F.3d 636, 1995 WL 371036 n.6 ..................................................... 6

*United States v. Medel-Guadalupe*,
    987 F.3d 424 (5th Cir. 2021)..............................................................6, 9, 11, 16, 19

*United States v. Midstate Horticultural Co.*,
    306 U.S. 161 (1939).................................................................................................. 4

*United States v. Ongaga*,
  820 F.3d 152 (5th Cir. 2016) ...................................................................................... 5, 14

*United States v. Powell*,
  99 F. Supp. 3d 262 (D.R.I. 2015) ..................................................................................... 5

*United States v. Reitmeyer*,
  356 F.3d 1313 (10th Cir. 2004) ........................................................................................ 5

*United States v. Sapyta*,
  390 F. Supp. 2d 563 (W.D. Tex. 2005) .......................................................................... 7, 8

*United States v. Sharpe*,
  193 F.3d 852 (5th Cir. 1999) ............................................................................................ 6

*United States v. Simpson*,
  Case No. 3:09–CR–249–D(06), 2011 WL 2880885 (N.D. Tex. July 15, 2011) .......................... 6

*United States v. Steinfels*,
  753 F.2d 373 (5th Cir. 1985) .......................................................................................... 14

*United States v. Tavarez-Levario*,
  788 F.3d 433 (5th Cir. 2015) ............................................................................4, 5, 11, 14, 17

*United States v. Williams*,
  Case No.: GJH-17-19, 2017 WL 5957734 (D. Md. Nov. 29, 2017) ........................................... 5

Statutes

18 U.S.C. § 1001 ..................................................................................................... 14, 16
18 U.S.C. § 1956(a)(1)(B)(i) and (h) .................................................................................. 2
18 U.S.C. § 1956(f)(1) ................................................................................................... 8
18 U.S.C. § 1957 ................................................................................................ 2, 3, 6, 8
18 U.S.C. § 2314 ............................................................................................. 3, 17, 18, 19
18 U.S.C. § 3237 ........................................................................................................ 5
18 U.S.C. § 3282 ..................................................................................................... 11, 13
18 U.S.C. § 3284 ........................................................................................................ 4
18 U.S.C. § 641 ........................................................................................................ 12
18 U.S.C. §§ 542 ................................................................................................... passim
18 U.S.C. §§ 545 ................................................................................................... passim
42 U.S.C. § 408(g)(2) .................................................................................................. 14
Section 1956, Section 1957 ............................................................................................. 8

TO THE HONORABLE COURT:

Defendants James Lael Jensen and Maxwell Sterling Jensen (jointly, "**Defendants**") file this Motion to Dismiss or Modify Counts Five, Six, Seven, and Eight of the Second Superseding Indictment, and would respectfully show the Court as follows:

## I.    INTRODUCTION

As Defendants have noted in previous motions, the Government has struggled to state viable charges against the Defendants. It has now secured three separate indictments against Defendants, each with significant and fatal pleading problems. The first and second indictments included a conspiracy charge that was so ambiguous that it required a Bill of Particulars. The Second Superseding Indictment attempted to clarify that charge by asserting three separate conspiracy counts and three parallel counts alleging substantive offenses, but those counts effectively charge the same offenses and thus were multiplicitous, requiring dismissal of three of these counts.

Those same substantive counts suffer from additional, independently fatal flaws—they allege multiple separate offenses within individual counts, including offenses outside the statute of limitations. Specifically, the Second Superseding Indictment asserts counts for: (1) Money Laundering Spending (Count Five), (2) Smuggling Goods into the United States (Count Six), (3) Entry of Goods by means of False Statements (Count Seven), and (4) Interstate Transportation of Stolen Property (Count Eight). All four counts are duplicitous, in that they allege multiple separate offenses in one count, creating risks of double jeopardy and other prejudice to Defendants. Three of those counts—Counts Six, Seven, and Eight—also improperly allege continuing offenses extending past the statute of limitations. At least as to Counts Seven and Eight, the alleged offenses are not continuing and cannot be basis to charge conduct past the statute of limitations. Count Six

1

fails to clarify which parts of the alleged offense Defendants violated, creating significant ambiguity as to whether the alleged offense can be considered continuing.

To remedy this assortment of pleading problems, Defendants respectfully request the Court dismiss Counts Seven and Eight for purporting to penalize conduct outside the statute of limitations. Additionally, and in the alternative, Defendants respectfully request the Court order the Government to select one alleged offense—within the statute of limitations—on which it plans to proceed to trial on Counts Seven and Eight. Similarly, Defendants further request the Court direct the Government to select one alleged offense on which to proceed on Counts Five and Six. Finally, in the alternative, Defendants request a Bill of Particulars as to Count Six to clarify what part of the offense Defendants are alleged to have violated.

## II.    PROCEDURAL BACKGROUND

On April 22, 2025, a grand jury returned an indictment charging Defendants with four criminal offenses: (1) Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h); (2) Aiding and Abetting Smuggling Goods into the United States, in violation of 18 U.S.C. §§ 545 and 2; (3) Aiding and Abetting the Entry of Goods by Means of False statements, in violation of 18 U.S.C. §§ 542 and 2; (4) and Money Laundering Spending, in violation of 18 U.S.C. § 1957. *See* ECF No. 1.

On May 22, 2025, a grand jury returned a Superseding Indictment that repeated the allegations of the original indictment and added as Count Five a charge of conspiracy to provide material support to a designated foreign terrorist organization. *See* ECF No. 82.

On September 12, 2025, Defendants filed a Motion for Bill of Particulars to clarify the scope of Count One of the Superseding Indictment. *See* ECF No. 135. In response, on October 3, 2025, the Government filed a Bill of Particulars. ECF No. 146. On October 28, 2025, the

2

Government changed its pleading again, filing a Second Superseding Indictment. *See* ECF No. 155. This pleading asserted three separate counts of Money Laundering Conspiracy, each of which is identical except for the alleged SUA. *See id.* at 1-3. The Second Superseding Indictment also alleges substantive violations of each SUA and a standalone count of Mondey Laundering Spending in Counts Five (alleging a violation of 18 U.S.C. § 1957), Six (alleging a violation of 18 U.S.C. § 545), Seven (alleging a violation of 18 U.S.C. § 542), and Eight (alleging a violation of 18 U.S.C. § 2314).

On November 6, 2025, Defendants filed a Motion to Suppress for *Massiah* Violation, which sought to suppress evidence obtained from contact with Defendants after the Government secured its first Indictment. *See* ECF No. 169. On April 15, 2026, Defendants filed a Motion to Dismiss multiple counts of the Second Superseding Indictment on multiplicity grounds. *See* ECF No. 205. Per the parties' agreement, the Court extended the deadline for the Government to respond to the Government's Motion to Dismiss to September 4, 2026. *See* ECF No. 232.[1]

### III.   ARGUMENT AND AUTHORITIES

#### A. Legal Standards

As detailed below, Counts Five through Eight of the Second Superseding Indictment suffer from multiple pleading errors: (1) several of these counts improperly allege non-continuing offenses as continuing; and (2) each count alleges multiple offenses in one counts and thus are duplicitous.

##### 1. Continuing offenses

"The Supreme court has defined 'continuing offense' to include 'a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force,

---

[1] After conferring with counsel for the Government, Defendants do not oppose setting the Government's deadline to file a response to this motion for the same date.

however long a time it may occupy.'" *United States v. Brazell*, 489 F.3d 666, 668 (5th Cir. 2007) (quoting *United States v. Midstate Horticultural Co.*, 306 U.S. 161, 166 (1939)). "[S]tatutes of limitations normally being to run when the crime is complete." *Toussie v. United States*, 397 U.S. 112, 115 (1970). But "for a continuing offense, the statute of limitation does not begin to run when all elements of the crime are satisfied, but rather when the ongoing commission of the crime comes to an end." *United States v. Tavarez-Levario*, 788 F.3d 433, 437 (5th Cir. 2015). Because of the "important role played by statutes of limitations" in criminal law, the Supreme Court has cautioned that "*the doctrine of continuing offenses should be applied in only limited circumstances* since . . . the tension between the purpose of a statute of limitations and the continuing offense doctrine is apparent; the latter, for all practical purposes, extends the statute beyond its stated term.'" *Id.* (quoting *Toussie*, 397 U.S. at 115, emphasis in *Tavarez-Levario*); *see also Toussie*, 397 U.S. at 115 ("[C]riminal limitations statutes are to be liberally interpreted in favor of repose." (internal quotations omitted)).

A crime may therefore only be considered a continuing offense if "(1) 'the explicit language of the substantive criminal statute compels such a conclusion,' or (2) 'the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing offense.'" *Tavarez-Levario*, 788 F.3d at 437 (quoting *Toussie*, 397 U.S. at 115). As to the first prong, courts have found explicit statements in statutes that an offense is "continuing" or other "language that would indicate that the offense involves ongoing conduct" to be sufficient to find an offense continuing. *Id.* at 438 (citing 18 U.S.C. § 3284, which states that concealment of the assets of a debtor "shall be deemed a continuing offense," and other examples). As to the second prong, courts have found offenses involving "ongoing perpetration" to be continuing, including

4

offenses that prohibit an individual from remaining in an unlawful condition or status, failure to appear, and kidnapping. *See id.* at 439 (citing examples).

Courts concluding that an indictment improperly alleges a continuing offense frequently dismiss offending counts for failure to comply with the statute of limitations. *See, e.g.*, *United States v. Ongaga*, 820 F.3d 152, 160-61 (5th Cir. 2016) (holding that time-barred counts for marriage fraud should be dismissed); *Tavarez-Levario*, 788 F.3d at 441 (holding that indictment alleging time-barred count for use of a forged immigration documents should be dismissed). But, in cases in which an offense improperly alleged as continuing includes conduct before and after the statute of limitations, courts sometimes order the Government to modify indictments or limit the evidence the Government may present at trial. *See, e.g.*, *United States v. Williams*, Case No.: GJH-17-19, 2017 WL 5957734, at *5 (D. Md. Nov. 29, 2017) (ordering Government to redact material predating the limitations period from the indictment or seek a superseding indictment); *United States v. Powell*, 99 F. Supp. 3d 262, 267-68 (D.R.I. 2015) (holding that order precluding Government from relying on actions prior to limitations was proper remedy for improperly charging offense as continuing).[2]

### 2. Duplicitous counts

Even if a count does not impact the statute of limitations, an indictment can be duplicitous if it alleges "two or more distinct and separate offenses in a single count." *United States v. Caldwell*, 302 F.3d. 399, 407 (5th Cir. 2002). "An indictment's allegations, and not the evidence adduced at trial, control whether the indictment is duplicitous." *United States v. Mauskar*, 557 F.3d

---

[2] Courts use a different standard to determine whether an offense is continuing for purposes of venue under 18 U.S.C. § 3237, which considers geographic factors rather than statutes of limitations. *See United States v. Canal Barge Co., Inc.*, 631 F.3d 327, 353 (6th Cir. 2011) (distinguishing between tests for a "continuing offenses" for venue and statutes of limitations); *United States v. Reitmeyer*, 356 F.3d 1313, 1323-24 (10th Cir. 2004) ("[T]he continuing offense analysis for venue purposes is obviously different from the continuing offense analysis for statute of limitations.").

219, 225 (5th Cir. 2009). "[I]f an indictment is duplicitous and the defendant is prejudiced, then the conviction may be subject to reversal." *United States v. Sharpe*, 193 F.3d 852, 870 (5th Cir. 1999).

"The Fifth Circuit distinguishes between 'acts' and 'offenses' for the purposes of assessing duplicity." *United States v. Simpson*, Criminal No. 3:09–CR–249–D(06), 2011 WL 2880885, at *5 (N.D. Tex. July 15, 2011) (quotation omitted). Multiple acts may be included within a single count of an indictment "if the acts represent a single, continuing scheme and (1) the indictment adequately notifies the defendant of the charges pending; (2) does not subject the defendant to double jeopardy; (3) does not permit prejudicial evidentiary rulings at trial; and (4) does not allow the defendants to be convicted by a single, nonunanimous verdict." *Id.* (quotation omitted); *see also United States v. Baytank (Hous.), Inc.*, 934 F.2d 599, 608 (5th Cir. 1991) (identifying four-part test for duplicity).

The Fifth Circuit has instructed that "[t]he proper remedy [for duplicity] is to require the Government to elect upon which charge contained in the count it will rely." *United States v. Medel-Guadalupe*, 987 F.3d 424, 428 n.3 (5th Cir. 2021) (quoting *United States v. McDermot*, No. 93-3603, 58 F.3d 636, 1995 WL 371036, at *4 n.6 (5th Cir. June 5, 1995, (unpublished)). If the only prejudice to the defendants is the risk of a non-unanimous jury verdict, courts may rely on unanimity instructions to address any such risk. *See Baytank*, 934 F.2d at 609-610.

### B. <u>Count Five is Duplicitous.</u>

Count Five of the Second Superseding Indictment accuses Defendants of engaging in "the following monetary transactions," to include "wire transfers to Fairview Investments Fund V, LP," in violation of 18 U.S.C. Section 1957. ECF No. 155 at 3-4. Notably, the Second Superseding Indictment uses the plural: "monetary transaction**s**" and "wire transfer**s**." *Id.* (emphasis added).

6

But each alleged transaction—i.e., each separate wire transfer—is a separate offense. Grouping these multiple "transfers" in one count is therefore duplicitous.

Even if the transactions can be considered a common scheme, Count Five fails each of the four factors the Court must consider. *See Baytank*, 934 F.2d at 609. First, the count fails to notify Defendants of the charges against them, as the count states only that there are multiple "transactions" but does not detail the number, type, or date of the transactions, leaving Defendants to guess as to the basis of the charge. *See id.* Second, the count potentially subjects Defendants to double jeopardy, as the jury could not find the Defendants innocent of only one of the alleged transactions. *See id.*; *United States v. Hicks*, 529 F.2d 841, 843 (5th Cir. 1976) (holding that duplicity raises concerns of double jeopardy "by the jury's inability to find the defendant innocent of one of the charges in a duplicitous count").[3] Third, the count could lead to prejudicial evidentiary rulings at trial, as evidence regarding one alleged transaction may not be admissible as to other transactions. *See Baytank*, 934 F.2d at 609; *United States v. Conley*, 826 F. Supp. 1536, 1546 (W.D. Pa. 1993) ("Were only one financial transaction charged, the admissibility of evidence of other like financial transactions would be limited and only *indirectly* relevant." (emphasis in original)). Fourth, there is clear risk of a non-unanimous verdict, as jurors may not agree on which transactions form the basis of their verdict. *See Baytank*, 934 F.2d at 609.

The court's opinion in *United States v. Sapyta*, 390 F. Supp. 2d 563 (W.D. Tex. 2005), is instructive. There, the Government charged the defendant with one count of money laundering under Section 1956(a)(1)(B)(i) for using two safe deposit boxes to conduct a financial transaction. *See id.* at 565. The court noted that "Congress's intent on whether each transaction should be

---

[3] The charge would also lead to double jeopardy problems because it would not be clear whether a conviction on Count Five would preclude a second prosecution on the same charge for a transaction that took place within this same time frame.

viewed as a separate offense was made clear in the Senate Report of the then pending money laundering statute when it stated that '[it] should be noted that each transaction involving 'dirty money' is intended to be a separate offense.'" *Id.* at 566 (quoting *United States v. Blackwell*, 954 F. Supp. 944, 956 (D.N.J. 1997)). Because the statute defines "use of a safe deposit box" as a "transaction," the court concluded that the Government's allegation that the defendant used separate safe deposit boxes "should result in the Defendant being charged separately for each transaction." *Id.* The court therefore "quashed" that count of the indictment as duplicitous. *See id.* at 567; *see also United States v. Martin*, 933 F.2d 609, 611 (8th Cir. 1991) (rejecting argument that two separate money laundering counts were multiplicitous because "the two transactions involving the payment of cash for stock constituted separate financial transactions" under Section 1956(c)(4)).

Here, the Government alleges a violation of Section 1957—not Section 1956, as in the cases noted above—but the result should be the same. Like Section 1956, Section 1957 prohibits a "monetary transaction" (singular). 18 U.S.C. §§ 1956, 1957. Section 1957 also uses the singular in its definition of "monetary transaction," which includes "the deposit, withdrawal, transfer, or exchange . . . of funds or a monetary instrument." 18 U.S.C. § 1956(f)(1) (incorporating definition of "monetary instrument" included in Section 1956). Finally, Section 1957 was passed in the same legislation as Section 1956—the Anti-Drug Abuse Act of 1986, PL 99-570, October 27, 1986—and thus informed by the same legislative history. There is thus no reason to read the term "transaction" in Section 1957 any differently than the same term in Section 1956.

As Count Five alleges multiple money laundering transactions in one count, the count is duplicitous. Defendants therefore request the Court order the Government to choose which

8

transaction it intends to rely upon to support its allegations in Count 5. *See Medel-Guadalupe*, 987 F.3d at 428 n.3.

### C. **Count Six is Duplicitous and May Improperly Allege a Continuing Offense.**

Count Six alleges that—from January 2018 to April 2025—Defendants "did knowingly receive, conceal, buy, sell and facilitate the transportation, concealment, and sale of merchandise imported contrary to law," in violation of 18 U.S.C. Sections 545 and 2. ECF No. 155 at 4.[4] As detailed below, this Count is duplicitous and may improperly allege a continuing offense beyond the statute of limitations.

### 1. Count Six is duplicitous.

The seven-year time period identified in Count Six strongly implies that this count is intended to include Defendants' receipt, purchase, transportation, or concealment of more than one set of merchandise imported into the United States, a reading consistent with the rest of the Second Superseding Indictment and the evidence produced in discovery. *See id.* To the extent that reading is accurate, Count Six alleges multiple discrete violations of Section 545 in one count.

The plain reading of Section 545 makes clear that each receipt, purchase, sale, or transportation of merchandise imported contrary to law can be a separate offense:

> Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law.

18 U.S.C. § 545.[5] Indeed, long-standing decisions of the Fifth Circuit have found counts alleging

---

[4] As noted in Defendants' Motion to Dismiss for multiplicity, Count Six should also be dismissed because it in overlaps entirely with Counts Seven and Eight and thus is multiplicitous. *See* ECF No. 205.

[5] Section 545 identifies two separate offenses: (1) smuggling or clandestinely introduce into the United States any merchandise through a "false, forged, or fraudulent invoice, or other document or paper"; and (2) importing any merchandise contrary to law or receiving, concealing, selling, or facilitating the

one count for multiple sets of imported goods to be duplicitous. For example, in *Curtis v. United States*, 38 F.2d 450 (1930), the Government accused the defendants of violating the predecessor to Section 545 (Section 593 of the Tarriff Act) by, over period of time, "receiving, concealing, and facilitating the transportation of twenty thousand bottles of intoxicating liquor, with knowledge that the same had been smuggled into the United States." *Id.* at 451. The Fifth Circuit reversed the convictions, holding that the count "charges, not a continuing offense, but a number of similar offenses separately committed over a long period of time" and thus "is bad for duplicity." *Id.*; *see also Bailey v. United States*, 53 F.2d 982, 982 (5th Cir. 1931) (reversing convictions on indictments "in the same form" as in *Curtis*).

The more recent analysis for evaluating duplicitous indictments makes clear that the duplicity in Count Six would prejudice Defendants. *See Baytank*, 934 F.2d at 609. First, Count Six does not give Defendants notice as to which of thousands of alleged shipment of goods into the United States the allegations relate, or whether the Defendants are alleged to have sold, bought, received, transported, or concealed those shipments. *See* ECF No. 155 at 4. It therefore does not put Defendants on notice of specifically what conduct is addressed by this charge. *See Baytank*, 934 F.2d at 609. Second, Count Six potentially subjects the Defendants to double jeopardy, as charging multiple offenses in one count could would prevent the jury from finding Defendants innocent on any single importation of products and make it unclear whether a conviction would forbid a subsequent prosecution for the same offense within the same time period. *See id.* Third, this count risks prejudicial evidentiary rulings, as the evidence that is relevant to one transaction may not be relevant to other transactions. *See id.* Fourth, there is substantial risk of non-unanimous verdicts, as

transportation, concealment, or sale of merchandise that was imported contrary to law. 18 U.S.C. § 545. It appears that Count Six alleges a violation of only the second offense. *See* ECF No. 155 at 4.

10

jurors could disagree as to which of the unstated number of transactions are the basis of its verdicts. *See id.*

Count Six is therefore duplicitous. Defendants respectfully request the Court direct the Government to identify one alleged violation of Section 545 on which it intends to proceed. *See Medel-Guadalupe*, 987 F.3d at 428 n.3..

2.   Count Six may also improperly charge a continuing offense.

The manner in which the Government has charged a violation of Section 545 also leaves significant ambiguity regarding whether the Government alleges that Section 545 as a continuing offense. The statute of limitations for a violation of Section 545 is five years. *See* 18 U.S.C. § 3282. Yet, Count Six alleges a violation of Section 545 extending to January 2018, more than two years before the time permitted by the statute of limitations. *See* ECF No. 155 at 4. Doing so is only permissible if a violation of Section 545 is a continuing offense. That question appears to turn on which part of Section 545 the Government alleges Defendants violated.

It appears that no court has considered whether Section 545 is a continuing offense for purposes of statutes of limitations. Apply the first prong of the *Toussie* test, Section 545 includes no language stating that the offense should be considered "continuing" or otherwise ongoing. *See* 18 U.S.C. § 545; *Tavarez-Levario*, 788 F.3d at 437. Moreover, most of actions proscribed in Section 545 are not ongoing, including importing, bringing goods into the United States, buying, selling, receiving, or transporting goods that were illegally imported. *See* 18 U.S.C. § 545; *Tavarez-Levario*, 788 F.3d at 437. But Section 545 also prohibits the "concealment" of illegally imported goods, which can be of an ongoing nature. *See* 18 U.S.C. § 545. Indeed, courts considering other statutes have concluded that "concealment" offenses can be ongoing, while those concerning purchase, sale, transport, or receipt are generally not considered ongoing. *See, e.g.*, *United States v. Blizzard*, 27

11

F.3d 100, 102-03 (4th Cir. 1994) (holding that concealing stolen government property in violation of 18 U.S.C. § 641 was a continuing offense); *United States v. Covarrubias*, 179 F.3d 1219, 1225 (9th Cir. 1999) (holding that offense of transporting illegal aliens continues "as long as the defendants [are] transporting [aliens]"), *abrogated on other grounds by Texas v. Cobb*, 532 U.S. 162, 168 (2001); *United States v. Harris*, 919 F. Supp. 2d 702, 708-711 (E.D. Va. 2013) (holding that sale of a security was not a continuing offense); *United States v. Frezzo*, 659 F. Supp. 54, 57-58 (E.D. Pa. 1987) (holding that receipt of stolen property was complete on receipt, while concealment of stolen property was continuing).

Count Six of the Superseding Indictment largely tracks the statute, alleging that Defendants "did fraudulently and knowingly receive, conceal, buy, sell and facilitate the transportation, concealment, and sale of merchandise imported contrary to law." ECF No. 155 at 4. But the indictment does not make clear which of the apparently many (perhaps thousands) of distinct shipments of petroleum products the Defendants allegedly received, which they bought, which they transported, and which they "concealed." *Id.* This ambiguity may be critical. The Defendants may not be prosecuted for any alleged ***receipt, purchase, or transportation*** of illegally imported petroleum products before April 2020, as such offenses are not continuing and would be outside the statute of limitations. But a prosecution for ***concealing*** the petroleum products illegally imported before April 2020 may be permissible, as concealment could be a continuing offense (assuming the alleged concealment continued past April 2020).[6] Yet, by grouping both non-continuing and continuing offenses in one count, Count Six would purport to prosecute Defendants for actions that would be outside the statute of limitations.

---

[6] The allegation is also factually dubious, as there is no evidence Defendants concealed any of their transactions, which frequently involved treatment and resale of petroleum products to multinational corporations such as Chevron USA.

12

This prejudice could be remedied by the relief sought above for duplicity—i.e., directing the Government to select one alleged importation on which to proceed—as the Government would presumably select an alleged importation of petroleum products within the statute of limitations. But, in the alternative, should the Court elect not to grant the relief noted above, Defendants request a bill of particulars directing the Government to identify the specific importations of goods addressed by Count Six, as well as whether the Defendants are alleged to receive, purchase, sell, transport, or conceal such shipments. *See United States v. Mackey*, 551 F.3d 967, 970 (5th Cir. 1997) (holding that a bill of particulars may be granted if necessary to "obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case in a subsequent prosecution").

### D. Count Seven Improperly Alleges a Continuing Offense and is Duplicitous.

The problems with Count Seven are more straightforward. Count Seven alleges that—from January 2018 to on or about January 2025—Defendants "did willfully and knowingly enter and introduce, and attempt to enter and introduce, into the commerce of the United States, imported merchandise, that is approximately four thousand one hundred seventy (4,170) shipments of crude oil by means of a false or fraudulent invoice, declaration, affidavit, letter, paper, or by means of any false or fraudulent practice," in violation of 18 U.S.C. Sections 542 and 2. ECF No. 155 at 4-5. This allegation is plainly improper, as Section 542 is not a continuing offense and including thousands of transactions in one count is duplicitous.

1. Section 542 is not a continuing offense.

The statute of limitations for a violation of Section 542 is five years. *See* 18 U.S.C. § 3282. Thus, the Government may only include actions earlier than April 17, 2020 if Section 542 can be considered a continuing offense. The Government cannot make that showing.

13

Section 542 reads in relevant part as follows:

> Whoever enters or introduces, or attempts to enter or introduce, into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration affidavit, letter, paper, or by means of any false statement . . ., whether or not the United States shall or may be deprived of any lawful duties . . . [s]hall be fine for each offense under this title or imprisoned not more than two years, or both.

18 U.S.C. § 542. It appears that no court has directly considered whether Section 542 is a continuing offense. But the plain language of the statute fails to satisfy the *Toussie* factors. *See Tavarez-Levario*, 788 F.3d at 436-37. First, the statute does not include any language stating that the offense is "continuing" or include any language that compels the conclusion that Congress intended the offense to be continuing. *See* 18 U.S.C. § 542. Similarly, the offense is not by its nature ongoing, as the crime is completed as soon as the false statement is made or the false document is filed. *See* 18 U.S.C. § 542; *see also United States v. Steinfels*, 753 F.2d 373, 377-78 (5th Cir. 1985) (violation of Section 542 completed when false statements were made).

Courts have repeatedly found similar statutes involving false statements or forged documents not to be continuing. *See Ongaga*, 820 F.3d at 159-160 (holding that marriage fraud was not a continuing offense and vacating convictions as untimely); *Tavarez-Levario*, 788 F.3d at 438-440 (holding that use of forged immigration documents was not a continuing offense); *United States v. Gremillion-Stovall*, 397 F.Supp.2d 798, 801-802 (E.D. La. 2005) (holding that false statements to the Government under 18 U.S.C. § 1001 was not a continuing offense); *United States v. Joseph*, 765 F. Supp. 326, 329-30 (E.D. La. 1991) (holding that use of a false social security number under 42 U.S.C. § 408(g)(2) was not a continuing offense).

Section 542 thus cannot be read to be continuing. As Count Seven alleges a continuing violation of Section 54 that extends more than two years past the statute of limitations, Defendants respectfully request the Count be dismissed. In the alternative, Defendants recommend the Court

14

adopt the remedy for duplicity and direct the Government to select one transaction, within the statute of limitations, on which to proceed.

        2.   <u>Count Seven is also duplicitous.</u>

Count Seven expressly states that it includes 4,170 alleged shipments within a seven-year period. *See* ECF No. 155 at 4. As each separate shipment could constitute a separate violation of Section 542, Count Seven asserts thousands of separate offenses within one count—a clear example of duplicity.

That duplicity also plainly results in prejudice to Defendants. *See Baytank*, 934 F.2d at 609. Count Seven does not identify the date of any of the 4,170 shipments, detail the precise nature of the false statement, or even identify the person who made the false statement, thereby failing to give Defendants adequate notice. *See Baytank*, 934 F.2d at 609. That failure is particularly important here, as Count Seven would have the Government prove that each of the petroleum products imported in each the 4,170 shipments was inaccurately described in customs forms as "waste oil" (or was otherwise materially mislabeled)—and based on the discovery produced, the Government has not tested each of those imports and thus cannot make that showing. Second, by including thousands of separate transactions within one count, the Government subjects Defendants to potential double jeopardy, as the jury would be unable to find Defendants innocent of violating Section 542 as to only some of the shipments. *See id.*; *Hicks*, 529 F.2d at 843. Third, grouping these transactions in one count risks prejudicial evidentiary rulings, as evidence regarding one set of allegedly false statements would not necessarily be admissible as to other alleged false statements. *See Baytank*, 934 F.2d at 609.[7] Fourth, there is an

---

[7] Evidentiary issues may be a particular concern in this case, as Defendants did not themselves create, affirm, or file any of the customs documents at issue. Rather, the documents were filed by multiple different importers over many years and included varying descriptions of the imported products. Thus, evidence regarding any one of these third-party documents would be of dubious relevance to a showing that

obvious and substantial risk of non-unanimous judgments, as the jury may disagree as to which of the thousands of shipments—each with different statements—was the basis of their verdict. *See id.*

Notably, the courts that have found it permissible to include multiple false statements within one count have generally done so when the false statements are close in time. *See, e.g.*, *United States v. Mangieri*, 694 F.2d 1270, 1281 (D.C. Cir. 1982) (holding that multiple false statements in a single loan application could be charged in one count); *United States v. Fassnacht*, Case No. 01-CR-62, 2002 WL 63523, at *5 (N.D. Ill. Jan. 14, 2002) (holding that multiple false statements to IRS agent in the same interview could be charged in a single count). By contrast, when (as here) a defendant allegedly made false statements in separate documents and on separate dates, courts have found that grouping these separate statements in one count rendered that count improperly duplicitous. *See United States v. Guzman*, 781 F.2d 428, 432-44 (5th Cir. 1986) (holding that alleged violations of Section 1001 in separate documents should have been charged in separate counts); *United States v. Bins*, 331 F.2d 390, 393 (5th Cir. 1964) (holding that count alleging multiple false statements in "different documents" that were "executed on different dates" was duplicitous and reversing conviction).

Thus, alleging 4,170 separate violations of Section 542 in one count is duplicitous. Defendants maintain that the proper remedy for the improper duplicity and improper characterization of Section 542 as a continuing offense is to direct the Government to choose one alleged transaction, within the statute of limitations, on which to proceed. *See Medel-Guadalupe*, 987 F.3d at 428 n.3.

---

Defendants knew that another document, created by a different third-party, at a different time, and regarding a different set of petroleum products was inaccurate.

16

### E.  Count Eight Alleges Conduct Outside the Statute of Limitations.

Count Eight alleges that Defendants—from January 2018 to April 2025—knowingly transported crude oil "knowing the same to have been stolen, converted, or taken by fraud," in violation of 18 U.S.C. Sections 2314 and 2. ECF No. 155 at 5. As with Count Seven, Count Eight both improperly alleges a continuing offense past the statute of limitations and is duplicitous.

#### 1.  Section 2314 is not a continuing offense.

Section 2314, in relevant part, provides that "[w]however transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud," may be fined or imprisoned not more than ten years. 18 U.S.C. § 2314. By its terms, Section 2314 is not a continuing offense. The statute does not include language indicating that the offense is "continuing" or is otherwise ongoing. *See Tavarez-Levario*, 788 F.3d at 436-37. Similarly, there is nothing in the nature of the offense to indicate that it is ongoing. *See id.* To the contrary, the offense described in Section 2314 is complete when the transportation of the stolen goods is finished. *See* 18 U.S.C. § 2314; *Covarrubias*, 179 F.3d at 1225 (holding that transportation of illegal aliens continues until transportation is complete).

For these reasons, the lone court to have directly considered the question concluded that Section 2314 was not a continuing offense. In *United States v. Castellano*, 610 F. Supp. 1359, (S.D.N.Y. 1985), the Government asserted counts that alleged violations of Section 2314, "by a large number of defendants, over a long period of time," and involving multiple alleged shipments. *Id.* at 1382. The Court held that "the manner in which the counts involved are charged precludes treating them as continuing ones under either prong of the test enunciated in *Toussie*." *Id.* It therefore dismissed those counts because "some of the charges contained in them extend beyond

17

the statutory period." *Id.*; *see also United States v. Drebin*, 557 F.2d 1316, 1333 (9th Cir. 1977) (holding that a violation of Section 2314 "is not complete until the stolen goods are transported," after which the statute of limitations began to run).

As Count Eight improperly alleges a continuing offense extending past the statute of limitations, Defendants respectfully request it be dismissed. In the alternative, Defendants request the Government be directed to identify one alleged instance of transportation on which to base its claims.

### 2. Count Eight is duplicitous.

For similar reasons, Count Eight is also duplicitous. The Government apparently includes within this one count many—potentially thousands—of separate acts of transportation over a seven-year period. *See* ECF No. 155 at 5. As is evident from the plain language of the statute, each separate transportation of stolen goods could be a separate offense. *See* 18 U.S.C. § 2314.

Moreover, including these separate offenses in one count results in prejudice to Defendants. *See Baytank*, 934 F.2d at 609. First, the count does not identify which specific goods were allegedly transported and when they were transported, thereby denying Defendants adequate notice. *See id.* That lack of notice may be critical here, as the Government would be obligated to prove that Defendants knew that each shipment of petroleum products—imported by different people, under different circumstances, and from different sources—was stolen or procured by fraud, a showing for which the evidence could vary significantly by shipment. Second, the count could risk double jeopardy, as it would prevent the jury from finding Defendants were unaware that products in only some shipments were stolen. *See id.* Third, the count would risk prejudicial evidentiary rulings, as evidence regarding one shipment may be of limited or no relevance to another shipment. *See id.*

18

Fourth, the count would risk non-unanimous verdicts, as the jury could reach different conclusions as to the specific shipment underlying its verdict. *See id.*

Finally, unlike the offenses addressed above, the Government is permitted to group separate shipments allegedly violating Section 2314 into one count, but only under limited circumstances. Specifically, the Supreme Court has permitted the Government to "aggregate[]" separate shipments of stolen goods under Section 2314 into one count when necessary to meet the statutory minimum of $5,000 in value and when the "shipments have enough relationship so that they may properly be charged as a single offense." *Schaffer v. United States*, 362 U.S. 511, 517-18 (1960). The Court based this ruling on an interpretation of the term "value" in Section 2314, for which it found the legislative history made clear that "value may be computed on a series of transactions." *Id.* at 517 (internal quotations omitted). But the Supreme Court in *Schaffer* did not permit the Government to aggregate multiple shipments into one count when it was not necessary to establish that the value of the shipments exceeded $5,000. *See id.* Moreover, it appears that no subsequent court has permitted aggregation when it was not necessary to establish the value of the shipments. Yet, here, there is **no question** that each of these alleged shipments—indeed, each barrel of petroleum products in each shipment—was worth far more than $5,000. There is thus no basis for the Government to group thousands of alleged shipments over seven years into one count.[8]

Defendants therefore respectfully request the Court direct the Government to select one alleged instance of transportation, within the statute of limitations, on which to proceed under Count Eight. *See Medel-Guadalupe*, 987 F.3d at 428 n.3.

---

[8] There is also no basis to believe that multiple shipments of petroleum products imported by different importers, with different documents, through differing interactions with Defendants, over a seven-year period could be "charged as single offense." *Schaffer*, 362 U.S. at 517-18

19

## IV.   CONCLUSION

For the reasons stated above, Defendants request that the Court dismiss and modify Counts Five, Six, Seven, and Eight of the Second Superseding Indictment. Defendants further request any and all other relief to which they may be entitled.

 DATED: July 21, 2026.

Respectfully submitted,

By:   */s/ H. Jay Hulings*
    Jason M. Davis
    **Attorney-in-Charge**
    State Bar No. 00793592
    Southern District ID No. 20114
    E-mail:  jdavis@dslawpc.com
    H. Jay Hulings
    State Bar No. 24104573
    Southern District ID No. 3472684
    E-mail: jhulings@dslawpc.com
    **DAVIS & SANTOS, PLLC**
    719 S. Flores Street
    San Antonio, Texas 78204
    Tel:  (210) 853-5882
    Fax:  (210) 200-8395

    ***Attorneys for Defendant***
    ***James Lael Jensen***

    And

By:   */s/ Benigno (Trey) Martinez*
    Benigno (Trey) Martinez
    **Attorney-in-Charge**
    State Bar No.  00797011
    Federal ID No. 23945
    E-mail: trey@mbmtlawfirm.com
    **MARTINEZ / TIJERINA, PLLC**
    1201 E. Van Buren
    Brownsville, Texas 78520
    Tel:  956-550-4868
    Fax:  956-621-0135

20

Robert Guerra
Federal ID No. 570991
State Bar No. 24036694
rguerra@rguerralaw.com
**LAW OFFICE OF ROBERT GUERRA, PLLC**
1201 E. Van Buren St.
Brownsville, Texas 78520
Ph. (956) 254-0694

***Attorneys for Defendant***
***Maxwell Sterling Jensen***

## CERTIFICATE OF CONFERENCE

I certify that on July 21, 2026, the undersigned counsel conferred with counsel for the United States, who confirmed the United States is opposed to the relief sought in the foregoing motion.

*/s/ H. Jay Hulings*
H. Jay Hulings

## CERTIFICATE OF SERVICE

I certify that on July 21, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ H. Jay Hulings*
H. Jay Hulings

21